## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

December 23, 1921.

### THE PEOPLE v. JOHN W. FLANAGAN.

(199 App. Div. 135.)

PERJURY—INSTRUCTIONS—ERROR TO REFUSE TO CHARGE AS REQUESTED THAT IF JURY WERE NOT CONVINCED OR SATISFIED BEYOND A REASONABLE DOUBT THEY SHOULD ACQUIT.

On a prosecution for perjury it appeared that the testimony on which the crime was based consisted of a denial by the defendant that he had signed a certain paper about two years before he testified; that he at first testified that he did not remember signing the paper and only gave a direct negative answer when asked by the court to do so regardless of how far he could remember signing.

*Held,* that the rule of reasonable doubt was clearly involved, and that the proofs called for a plain charge, in substance as requested, that the jury should be convinced or satisfied of defendant's guilt beyond a reasonable doubt.

APPEAL by the defendant, John W. Flanagan, from a judgment of the County Court of Queens county, entered in the office of the clerk of the county of Queens on the 16th day of June, 1919, convicting him of the crime of perjury, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and in arrest of judgment.

*Thomas J. O'Neill* (*Benjamin W. Moore* and *Leonard F. Fish,* with him on the brief), for the appellant.

*Joseph Lonardo, Assistant District Attorney (Dana Wallace, District Attorney,* with him on the brief), for the respondent.

PUTNAM, J.: .

The defendant had testified in the Supreme Court as a witness in a civil action against the Long Island Railroad Company. He was then confronted with a written statement prepared two years before by an investigator for the railroad. Asked if it bore his signature, he first told the court that he did not remember signing it, " I could say ' no.' " The court then said: " It doesn't make any difference whether you remember signing it or not; that is not my question; did you sign it? A. No. Q. Is that your signature? A. No." If the witness did not recall his act of signing, the question whether his name was, or was not, his signature, may have become a matter of belief, or opinion; so that his answer, if wrong, may not have amounted to the crime of perjury. The signature had not been denied until the court had called for a direct answer, regardless of how far the witness could remember such signing. The peculiar situation certainly involved the rule of reasonable doubt. The learned County Court gave a special, and perhaps overexact, meaning to the term " convinced," holding that if one were convinced he was beyond all doubt. In our view, however, the proofs did call for a plain charge, in substance as requested, that the jury should be convinced or satisfied of defendant's guilt beyond a reasonable doubt; so that the refusal was clear error.

Hence the judgment of conviction should be reversed and a new trial ordered.

BLACKMAR, P. J., and MILLS, J., concur; KELLY and JAYCOX, JJ., vote to affirm.

Judgment of conviction of the County Court of Queens county reversed and new trial ordered.