THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT FORTE, Appellant.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Argued October 28, 1938; decided November 29, 1938.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Paul O'Dwyer, Leon Fishbein* and *Irving Wharton* for appellant. It was error for the trial court to have denied defendant the right of being examined under a pathometer or " lie detector " and of submitting the result of

such test to the jury. (*People* v. *Kenny*, 167 Misc. Rep. 51.)

*William F. X. Geoghan, District Attorney* (*Edward H. Levine* of counsel), for respondent. The trial court properly denied the appellant's request to be examined under a pathometer or " lie detector," thereby excluding the result of such test from the jury. (*Frye* v. *United States*, 54 App. D. C. 46; 293 Fed. Rep. 1013; *State* v. *Bohner*, 210 Wis. 651.)

O'BRIEN, J. On the night of March 16, 1937, Berl Wolkowitz, in his store on Sutter avenue near Jerome street in Brooklyn, received two bullet wounds in the abdomen from a .38 calibre revolver which resulted next day in his death.

No witness testified that he was present at the time of the shooting, but defendant, aged twenty years, has been convicted, by a chain of circumstances, as the perpetrator of the crime. The witness Siegel testified that a few minutes prior to the homicide he was in Wolkowitz's store and that a young man, whom he positively identified as defendant, entered. The witness Schumer testified that, after he heard the sound of the shots, he observed a young man, whom he also positively identified as defendant, run from the doorway of Wolkowitz's store and then walk within three feet of him. His right hand was hidden inside his coat. This witness declared that he looked directly at this young man and had a full view of him. The witness Stewart, who swore that he looked at him face to face, is equally certain that defendant is the man whom he saw coming from Wolkowitz's store, walking rapidly, later running, and carrying a gun in his hand which later he put under his coat. Although the homicide was committed March 16, 1937, no arrest was made until June 26th of that year when defendant was taken into custody charged with another offense. On his person was found a .38 calibre revolver in respect to

which a ballistic expert expressed his opinion that it is the same weapon from which were discharged the two bullets which killed Wolkowitz. When interrogated by the police concerning his possession of the gun, defendant first stated that he had found it on the street a few minutes prior to his arrest. After he became convinced that the police proved this statement false, he admitted that he had the weapon since the previous Christmas holidays. Defendant took the stand and denied that he shot Wolkowitz or that he was in the store on March 16th. Witnesses testified that his reputation for peacefulness was good, although they knew that he had once been convicted of possessing burglar tools. The verdict is not against the weight of evidence. The jury, accepting the credibility of the People's witnesses, could and did conclude from the evidence that, beyond a reasonable doubt, defendant is the man who shot Wolkowitz.

An issue of law is raised by defendant which requires serious consideration. After all the evidence had been produced for the jury's consideration, defendant's counsel moved to reopen the case and be permitted to take defendant from Kings county to a laboratory in Bronx county to be examined under the pathometer, commonly known as the " lie detector." His motion was denied. We cannot take judicial notice that this instrument is or is not effective for the purpose of determining the truth. Can it be depended upon to operate with complete success on persons of varying emotional stability? The record is devoid of evidence tending to show a general scientific recognition that the pathometer possesses efficacy. Evidence relating to handwriting, finger printing and ballistics is recognized by experts as possessing such value that reasonable certainty can follow from tests. Until such a fact, if it be a fact, is demonstrated by qualified experts in respect to the " lie detector," we cannot hold as matter of law that error was committed in refusing to allow defendant to experiment with it.

Other objections, raised by exceptions, to certain rulings of the trial court are technical in their essence and, if error was committed, it was of such a nature that, in view of the strong evidence against defendant, it could not reasonably be said to have affected the result.

The judgment of conviction should be affirmed. (See 279 N. Y. 788.)

CRANE, Ch. J., HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; LEHMAN, J., concurs in result.

Judgment of conviction affirmed.