CALIFORNIA INSURANCE COMPANY, Appellant,

v.

A. L. ALLEN and Dovie Moore Allen, Appellees.

No. 15895.

United States Court of Appeals Fifth Circuit.

June 30, 1956.

David Bland, Houston, Tex., Austin Y. Bryan, Jr., Houston, Tex., of counsel, for appellant.

Samuel Williamson, John W. L. Hicks, Houston, Tex., for appellees.

Before RIVES, TUTTLE and JONES, Circuit Judges.

RIVES, Circuit Judge.

■■ This appeal is from a judgment for $5,000, the amount of a policy of fire insurance covering a main dwelling and garage apartment located in Houston, Texas. Appellant insurance company claimed as its sole defense that the fire was deliberately set by or at the instigation of the insured A. L. Allen. The fire insurance policy was, of course, not intended to cover such a fraudulent loss,[1] and it expressly provided that it would be vitiated by fraud on the part of the insured.[2] Nor may an innocent wife recover when insured community property has been wilfully burned by her husband.[3]

The case was tried to the court without a jury. A. L. Allen took the stand in his own behalf and volunteered the fact that he had agreed to take a lie detector test. Appellant thereafter offered the testimony of Alcus Greer, an arson investigator for the City of Houston, who administered such a test to A. L. Allen and who interpreted the results as indicating that he did not truthfully answer the following questions:

1. "Do you know who set fire to your house?" to which he answered "No".

2. "Did you set fire to your house?" to which he answered "No".

3. "Did you ever set fire to a building?" to which he answered "No".

4. "Were you in your house when the fire started?" to which he answered "No".

5. "Did you move any of your things out of the house before the fire?" to which he answered "No".

6. "Did you have someone set fire to your house?" to which he answered "No".

7. "Did you set fire to your garage apartment?" to which he answered "No".

At the conclusion of the evidence, the district court announced:

---

1. See 29 Am.Jur., Insurance, § 1028.

2. "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

3. Bridges v. Commercial Standard Insurance Co., Tex.Civ.App., 252 S.W.2d 511.

"If I consider the testimony of Mr. Greer as impeaching evidence, and I don't see that it is admissible on any other score, I still feel that you have failed to sustain the burden of proof that the plaintiff either burned or had someone else in his behalf burn the property in question, Mr. Bland.

"You have proved some highly suspicious circumstances. You have proved that he was in position to gain from the fire. You have impeached his testimony to some extent, but that, to me, is not sufficient to prove by a preponderance of the evidence that in fact he committed the offenses you have charged him with."

Formal findings of fact, conclusions of law, and judgment were thereafter entered, and this appeal ensued.

The appellant insurance company insists upon but two specifications of error:

### "I.

"The Trial Court erred in its refusal to admit into evidence the results of the lie detector tests for their general probative effect, rather than limiting their effect to simple impeachment.

### "II.

"The Trial Court's finding of fact * to the effect that Defendant failed to prove by a preponderance of the evidence that Plaintiff or others at his instigation burned the property is clearly erroneous."

4. People v. Kenny, 167 Misc. 51, 3 N.Y.S. 2d 348.

5. State v. Bohner, 210 Wis. 651, 246 N.W. 314, 86 A.L.R. 611; People v. Forte, 279 N.Y. 204, 18 N.E.2d 31, 119 A.L.R. 1198; People v. Becker, 300 Mich. 562, 2 N.W. 2d 503, 139 A.L.R. 1171; People v. Davis, 343 Mich. 348, 72 N.W.2d 269; 3 Wigmore on Evidence, 3rd ed., p. 645, note 2; Annotation · 139 A.L.R. 1174; Wisconsin Law Review, 1943, p. 439;

As to the first specification, appellant frankly admits that it has found only one case [4] which has allowed the general introduction of the results of lie detector tests. The authorities and decisions are practically unanimous in their rejection of such tests as evidence, until the training and expertness of the examiner has been more adequately standardized, and until there is general scientific recognition that reasonable certainty follows from such tests.[5]

■ Appellant insists, however, that when Allen took the stand in his own behalf and injected the fact of his having taken the lie detector test into the case, the results of such test became admissible for all purposes. We do not pass on the question of whether the district court would have abused its discretion in permitting the introduction in rebuttal of such evidence, otherwise inadmissible.[6] We think, however, that the court exercised a wiser discretion when it considered such evidence only to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence.[7]

We have carefully read the entire record and have examined the original exhibits in connection therewith, and, with due regard to the superior opportunity of the district court to judge of the credibility of the witnesses, we cannot set aside its findings of fact as clearly erroneous. Rule 52(a), Fed.Rules Civ.Proc., 28 U.S.C.A. The judgment is therefore

Affirmed.

48 West Virginia Law Quarterly 37; 18 Texas Bar Journal 215; Inbaw and Reid, Lie Detection and Criminal Interrogation, 3rd ed., 1953, pp. 127–132; 22 Tennessee Law Review, pp. 728–742; 46 Journal of Criminal Law, Criminology and Police Science, pp. 112, et seq.

6. See Krider v. Hempftling, Tex.Civ.App., 137 S.W.2d 83, 86.

7. See 1 Wigmore on Evidence, 3rd ed., § 15, p. 307, and cases there cited.