**UNITED STATES of America ex rel. John SADOWY, Petitioner**

v.

**Edward M. FAY, as Warden of Greenhaven Prison, Respondent.**

United States District Court S. D. New York.
March 28, 1960.

John Sadowy, pro se.
No appearance for respondent.

CASHIN, District Judge.

This is a petition for a writ of habeas corpus by a State court prisoner presently incarcerated within the jurisdiction of this court under a judgment of conviction of the County Court of the County of Queens for robbery in the first degree, grand larceny in the first degree and assault in the second degree.

Under the provisions of § 2243 of Title 28 U.S.C. I entertain the application but deny it since it appears from the application itself that the person detained is not entitled to the issuance of a writ.

The only ground raised by the petitioner to support the contention that he is in custody in violation of the Constitution or laws of the United States is that the trial court refused to allow into evidence at the trial testimony as to the result of "lie detector" tests he had taken, which tests would tend to show the innocence of the petitioner. Perhaps it is true, as petitioner contends, that eventually evidence of the result of "lie detector" tests will be admissible. However, New York State has not as yet gone so far. People v. Forte, 1938, 279 N.Y. 204, 18 N.E.2d 31, 119 A.L.R. 1198; contra People v. Kenny, Queens Co. Ct.1938, 167 Misc. 51, 3 N.Y.S.2d 348. Rulings in the Federal Court are to the same effect. Frye v. United States, D.C.Cir.1923, 54 App.D.C. 46, 293 F. 1013, 34 A.L.R. 145;

Marks v. United States, 10 Cir., 1958, 260 F.2d 377, certiorari denied 1959, 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302. In fact, a habeas corpus petition on this very ground has been dismissed in a District Court (United States ex rel. Szocki v. Cavell, D.C.W.D.Pa.1957, 156 F.Supp. 79).

The petitioner seems to feel that this court should independently review the testimony of the expert who testified at the *voir dire* in the state court trial. I cannot see where such a review would serve any purpose whatsoever. With the exception of People v. Kenny, supra, including the case of Boeche v. State, 1949, 151 Neb. 368, 37 N.W.2d 593, strongly relied upon by petitioner, the courts have universally rejected evidence of "lie detector" tests whether offered by the prosecution or the defense. cf. annotation 23 A.L.R.2d 1306, et seq.

The application to proceed in forma pauperis is granted.

The application for a writ of habeas corpus is denied.

It is so ordered.