**UNITED STATES of America ex rel. John SADOWY, Petitioner**

v.

**Edward M. FAY, as Warden of Greenhaven Prison, Respondent.**

United States District Court
S. D. New York.
April 6, 1960.

**152**

John Sadowy, pro se.

No appearance for respondent.

CASHIN, District Judge.

I am in receipt of a letter from the petitioner with an enclosure thereto which is denominated by the petitioner as a "Petition for a certificate of probable cause".

In my original Memorandum denying petitioner's application for a writ of habeas corpus I stated—

> "The only ground raised by the petitioner to support the contention that he is in custody in violation of the Constitution or laws of the United States, is that the trial court refused to allow into evidence at the trial testimony as to the result of 'lie detector' tests he had taken, which tests would tend to show the innocence of the petitioner".

Petitioner now contends that further questions were raised by his original petition in that

> " * * * he was deprived of the equal protection and due process of law as guaranteed by the 14th Amendment of the Constitution of the United States. The [state court] Record on appeal will reveal errors that occurred in the course of the trial that were so prejudicial that they constituted a deprivation of the equal protection and due process of law to petitioner".

The petitioner goes on to allege that there was an issue as to identification before the trial court that was not properly reviewed by the appellate courts of New York.

It is, of course, not incumbent upon a District Court of the United States to review a state court record merely because of a conclusory allegation of a state prisoner that he has been deprived of his constitutional rights. Such conclusory allegation is all that was present in the original petition or is present in the instant petition for a certificate of probable cause and petitioner's letter enclosing said petition.

Any application which may be deemed to be before me for a petition for any writ of habeas corpus on grounds other than the ground covered by my original Memorandum is denied. A certificate of probable cause, limited to the ground covered in my original Memorandum, is hereby issued. A certificate of probable cause on any other ground is denied. If any further leave to proceed *in forma pauperis* may be deemed necessary, it is hereby granted.

In the original petition the petitioner requested the appointment of counsel. Obviously, I did not deem counsel necessary on the application before me. Whether the Court of Appeals for the Second Circuit will deem the appointment of counsel necessary, I do not presume to pass upon. Rather, such determination is left to that Court.

The application is disposed of as indicated above.

It is so ordered.