**UNITED STATES of America ex rel. John SADOWY, Petitioner-Appellant,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Respondent-Appellee.**

No. 140, Docket 26225.

United States Court of Appeals Second Circuit.

Argued Nov. 4, 1960.

Decided Nov. 25, 1960.

John Sadowy pro se for appellant.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, for appellee. Paxton Blair, Sol. Gen., Albany, N. Y., Irving Galt, Asst. Sol. Gen., New York City, and George K. Bernstein, Asst. Atty. Gen., of counsel.

Before SWAN, CLARK and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

In June 1954 appellant was convicted in the County Court, Queens County, New York, and was sentenced as a second felony offender to a term of imprisonment which he is still serving. On appeal the judgment was affirmed by the Appellate Division, People v. Mysholowsky [and Sadowy], 1 A.D.2d 1036, 152 N.Y.S.2d 252. Leave to appeal to the Court of Appeals was denied by Judge Fuld, and certiorari was denied Sadowy v. People of State of New York, 352 U.S. 933, 77 S.Ct. 237, 1 L.Ed.2d 168. Appellant also made two unsuccessful applications for writs of error *coram nobis*. Appeals taken in these two proceedings were dismissed by the Appellate Division for failure to perfect the appeal.

The present petition for a writ of habeas corpus was filed in March 1960. Judge Cashin granted petitioner's application to proceed *in forma pauperis* but denied issuance of the writ with a memorandum opinion which states 189 F.Supp. 151:

> "The only ground raised by the petitioner to support the contention that he is in custody in violation of the Constitution or laws of the United States, is that the trial court refused to allow into evidence at the trial testimony as to the result of 'lie detector' tests he had taken, which tests would tend to show the innocence of the petitioner".

Thereafter Judge Cashin issued a certificate of probable cause limited to the ground stated in the above quotation.

The alleged error of the trial court in excluding testimony of an expert as to the pathometer ("lie detector") tests taken by the defendant, was urged in his state court appeals and in his *coram nobis* proceedings. It is the only point argued in the present appeal. He relies particularly upon the decision of Judge Colden in Queens County Court who admitted such evidence. People v. Kenny, 167 Misc. 51, 3 N.Y.S.2d 348. This opinion was rendered on March 29, 1938. Subsequently, on November 29, 1938, the Court of Appeals held in People v. Forte, 279 N.Y. 204, 18 N.E.2d 31, 32, 119 A.L.R. 1198, reargument denied 279 N.Y. 788, 18 N.E.2d 870, that such evidence was properly excluded, the record there being "devoid of evidence tending to show a general scientific recognition that the pathometer possesses efficacy." Appellant contends that in his case, as well as in Kenny's, adequate proof of the efficacy of the pathometer was presented, and that the Kenny decision should have been followed rather than People v. Forte, although Dr. Burke, who administered the tests to appellant in evaluating the results, mentioned "certain irregularities" in appellant's responses.

It is not necessary for us to determine, as the defendant asks us to do, whether the Forte case should have been distinguished and the Kenny rule followed by the Queens County Court in his trial. In following Forte and holding the pathometer unreliable, the trial court was merely applying a rule of evidence in accordance with its interpretation of New York law. This raises no federal question. As stated in Buchalter v. People of State of New York, 319 U.S. 427, 431, 63 S.Ct. 1129, 1131, 87 L.Ed. 1492, "the due process clause of the Fourteenth Amendment does not enable us to review errors of state law however material under that law." See also Lisenba v. People of State of California, 314 U.S. 219, 226–229, 62 S.Ct. 280, 86 L.Ed. 166.

If it is the defendant's contention that, aside from its correctness under New York law, the Forte rule deprives him of due process, we agree with Judge Cashin that since the Forte rule is overwhelmingly, if not universally, followed in other jurisdictions, both state and federal, it cannot be said to violate due process, that is, to be repugnant to "the very essence of a scheme of ordered liberty," Palko v. Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288. The defendant's constitutional argument is predicated upon his theory of the pathometer's reliability. Judge Colden's eloquent opinion in Kenny may well be prophetic of the general recognition which courts may ultimately accord to lie detector tests. They have not yet done so, and any opinion we might express as to the desirability of so doing would be irrelevant. Due process certainly does not require them to do so now. We agree with Judge Cashin's succinct opinion, 189 F.Supp. 150.

Judgment affirmed.