Ellsworth N. Lawrence, J.
Gustave A. Dobler, a Suffolk County police sergeant, having testified before the Suffolk County Grand Jury on October 27, 1960 under waiver of immunity, was indicted by that Grand Jury for perjury in the first degree. He moves for inspection of the Grand Jury minutes or alternatively for a dismissal of the indictment.
During a long period commencing in July, 1960, that Grand Jury was engaged in an investigation into irregularities in Suffolk County civil service examination papers.
One such paper was that of the defendant, he having taken such an examination on November 16, 1957. The examination paper consisted of two parts: first, an identification sheet,
which is concededly in the handwriting of Dobler; secondly, an answer sheet, upon which appeared certain handprinting purporting to be that of Dobler.
It was the theory of the People that the answer sheet was a forged substitution of his original answer sheet
*482 The Grand Jury heard testimony from expert witnesses from which they were entitled to determine that the handprinting on Dobler’s answer sheet was in fact forged. Thereafter the defendant testified under waiver of immunity.
It will not be necessary in this opinion to write upon the question of whether or not the testimony of this defendant was false, and was made willfully and knowingly or whether it Avas given as a result of forcing an unequivocal answer in a situation Avhere a witness Avas attempting to express an opinion or belief (cf. People v. Smilen, 33 N. Y. S. 2d 803; People ex rel. Hegeman v. Corrigan, 195 N. Y. 1, 13; see, also, Krauskopf v. Tallman, 38 App. Div. 273, affd. 170 N. Y. 561). I may be called upon to Avrite an opinion on such matters in the companion cases of People v. Romler and People v. Mutz, both pending before me on similar motions in the Suffolk County cases.
This indictment must be dismissed for other reasons.
A Grand Jury can receive none but legal evidence. (Code Grim. Pro., § 249.)
It has long been held in this State that the results of a lie detector test may not be introduced into eAidence. This rule of evidence will continue until such time as there" is general scientific recognition that the instrument or instruments used is or are effective for the purpose of determining the truth and that the evidence relating to it possesses such value that reasonable certainty can follow from such tests. (People v. Forte, 279 N. Y. 204.) Inventions like polygraphs, lacking in reasonable certainty, are rejected as instruments of proof. (People v. Nasella, 3 Misc 2d 418, 424.)
The Grand Jury evidence discloses that this defendant had taken a lie detector test at the request of the District Attorney on August 2,19,60. His written consent to take it was introduced into evidence. In that consent, he specifically waived any and all rights of privacy, authorized the testing agency to disclose the results and its opinions to any and all interested persons and released them from all liability.
The record then discloses the folloAving:
“ Q. Were you told by somebody that the people of the polygraph test thought you were lying in certain areas? A. They didn’t say that. They said it looked bad for me.”
In the present state of scientific knoAAdedge on the subject, the People were not entitled legally to show that such a test had been taken, nor to sIioav what questions had been asked and answers given, nor to show what the defendant’s reactions were, either as to blood pressure, pulse rate, breathing pattern, perspiration or any other reaction A\rhich such a test may be *483 thought to produce. Nor were the People entitled to have an expert describe the results or express an opinion thereon.
The District Attorney’s question thus amounted to an accusation based upon a test of supposed scientific accuracy in a situation where the test itself is not yet accepted as scientifically accurate. The admission obtained from the defendant was prejudicial. The inference is that the defendant has lied before and is therefore lying now.
The question was improper. The evidence received was illegal and prejudicial. The indictment must be dismissed.
The dismissal of this indictment will of course preclude this defendant from an examination of the Grand Jury minutes. As there are several hundred pages of testimony involved in this whole investigation, I take the liberty of suggesting that, if the People appeal, a higher court might examine the minutes of September 8, pages 155-156 and minutes of September 22, pages 20-34.