Ellsworth N. Lawrence, J.
This is a companion case to that of People v. Dobler, decided recently (29 Misc 2d 481). This defendant was also indicted for perjury in the first degree. He moved to inspect the Grand Jury minutes or alternatively for dismissal of the indictment.
*484 He testified before the Suffolk County Grand Jury under waiver of immunity regarding an answer sheet in a civil service examination taken by him on November 16, 1957. The accompanying identification sheet and essay sheets are concededly in his handwriting.
There was basis for suspicion that the answer sheet was not his for, as he testified, he believed he had answered all the questions on the examination and the questioned sheet contained 78 answers, all correct, with no other questions answered. The Grand Jury could well have determined that the answer sheet was a forged substitution, for there was strong evidence from experts that the handprinting on the answer sheet was not his.
But a charge of perjury against the defendant must be based on willfully and knowingly testifying falsely under oath.
With reference to the answer sheet, he testifies:
1 ‘ To the best of my knowledge, sir, I would say, I filled it out.
“ This looks like my handwriting.
“ With that comparison (i.e., with a sample of his handprinting) there seems to be a variance in the letters.”
As to whether he wrote it, “ Sir, I really don’t know.
‘ ‘ To the best of my knowledge, it is my answer sheet.
“ To the best of my knowledge, it is.
‘11 have no way to be positive.
‘‘ It looks like mine, sir. ’ ’
Then he answers yes to the question of whether he maintains this position in the ‘1 face of two document experts ’ ’ to the contrary.
He was then questioned for 10 pages on certain other matters. At no time was there any proof that he had taken part in or instigated any forgery of the original answer sheet.
The last questions he was asked are as follows:
“ Q. Do you include the answer sheet as one of the sheets you handed in on November 16th, 1957? A. Yes.
“ Q. Unqualified, yes? A. Yes.”
I have examined the pertinent exhibits, including the identification sheet, essay sheets and answer sheet as well as the standards of comparison of his handprinting. While I can see that the experts could well testify and the Grand Jury could well believe that the handprinting on the answer sheet was a forgery, there still remains a lot of similarity between the handprinting on the answer sheet and that of the other documents.
*485 Considering these facts and considering that about three years had elapsed between the taking of the examination and the time of inquiry into these matters, considering that he had received a promotion after taking the examination and that no question had been raised at the time of that promotion, I am unable to see how his testimony as to the handprinting could be regarded as anything but evidence of opinion or belief. He had not seen the sheet until the investigation started not long before.
His final unqualified yes must thus be read in the light of his earlier and lengthy testimony, particularly in view of the fact that at one time he said he did not know.
He knew that he had to testify before the Grand Jury under waiver of immunity in order to keep his job as a police lieutenant.
As I see it, requiring him to answer the final question in view of his previous answers amounted to compulsion. (People v. Smilen, 33 N. Y. S. 2d 803; People v. Flanagan, 199 App. Div. 135.) Submit order dismissing the indictment.