THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN BROWNSKY, Defendant.

Court of General Sessions of the County of New York, May 22, 1962.

*John Brownsky,* defendant in person. *Frank S. Hogan, District Attorney* (*Edward M. Davidowitz* of counsel), for plaintiff.

THOMAS DICKENS, J. This "Motion to show cause," brought by defendant, aims at gaining judicial sanction for a voluntary "lie-detector" test of himself, as the means of establishing his innocence. For the attainment of this end, defendant makes the following allegations in his petition:

"Petitioner asks that this court order the District Attorney of the County of New York, State of New York, to show cause why Petitioner should and has been denied to take a Polygraph test or to be questioned under Sodium Pentathol [*sic*].

"Petitioner has stipulated that if any test, showed him to be guilty of the crime with which he is charged the results could with his consent be used in court against him."

Defendant is under prosecution on a pending indictment of four counts charging respectively robbery in the first degree, grand larceny in the first degree, assault in the second degree, and carrying a dangerous weapon.

Little need be said by me on the subject of "lie-detector" tests. Judicial precedents have already provided informative discussion. These precedents, as they stand now in their view on the law of the subject, hold out no hope for the successful outcome of this motion, which I need now consider only so far as the question of allowing a "lie-detector" test is concerned.

Our own Court of Appeals in *People* v. *Forte* (279 N. Y. 204, 206, motion for reargument denied 279 N. Y. 788), had this to say regarding a motion made in the trial court by defendant's

attorney for the reopening of the case after completion of the trial, so as to permit the defendant therein to undergo a "lie-detector" test: "We cannot take judicial notice that this instrument is or is not effective for the purpose of determining the truth. Can it be depended upon to operate with complete success on persons of varying emotional stability? The record is devoid of evidence tending to show a general scientific recognition that the pathometer possess efficacy. Evidence relating to handwriting, finger printing and ballistics is recognized by experts as possessing such value that reasonable certainty can follow from tests. Until such a fact, if it be a fact, is demonstrated by qualified experts in respect to the 'lie-detector,' we cannot hold as matter of law that error was committed in refusing to allow defendant to experiment with it." (See, also, *People* v. *Dobler*, 29 Misc 2d 481 and Richardson, Evidence [8th ed.], p. 375.)

Judicial notice, either way, as to the effectiveness of this kind of instrument, being barred by the holding in the *Forte* case (*supra*) I look to the petition for "evidence tending to show a general scientific recognition that the pathometer [or polygraph] possesses efficacy." I find none.

From the case of *Lindsey* v. *United States* (237 F. 2d 893, 895), a case related in principle to the *Forte* case (*supra*) wherein the litigation revolved around the use, as evidence, of the results of a complete clinical examination, including, *inter alia*, "a sodium-pentothal ('truth serum') test" in the quest of the truth, I quote the following as lending substantial emphasis to what the court said in the *Forte* case (*supra*): "Although narcoanalysis in general, and the sodium-pentothal interview in particular, may be a useful tool in the psychiatric examination of an individual, the courts have not generally recognized the trustworthiness and reliability of such tests as being sufficiently well established to accord the results the status of competent evidence." (Citing many cases.)

And, putting the quietus on the competency of evidence based on such tests, even when voluntarily undertaken, is this further quotation from *Lindsey* v. *United States, supra*, p. 896): "In prosecutions where the defendant has voluntarily submitted himself to drug tests, and the results have indicated his innocence, the courts have rejected the evidence on the ground that it is 'self-serving.'"

For an illuminating treatise on the topic see the American Law Reports (vol. 119, p. 1200) under the annotated title "Physiological or psychological deception tests," subjoined to the case of *People* v. *Forte* (*supra*), reported therein. See,

also, on the topic, the extensive review in the Yale Law Journal (April, 1961, vol. 70, p. 694) under the title, "Scientific Theory and Scientific Evidence: An Analysis of Lie-Detection," by Jerome H. Skolnick. The motion is denied.