■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST D. NEUMULLER, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered April 29, 1966, which convicted him of murder in the second degree, upon a jury verdict, and sentenced him to 30 years to life imprisonment. Judgment reversed, on the law, and new trial ordered. The findings of fact are affirmed. In our opinion, the conduct and atmosphere of the trial were such that defendant was deprived of a fair trial and the right to have his case fairly and impartially considered by a jury of his peers (see *People* v. *Becker,* 210 N. Y. 274, 311; *People* v. *Vega,* 304 N. Y. 848; *People* v. *Di Carlo,* 242 App. Div. 328, 329; *United States* v. *Ah Kee Eng,* 241 F. 2d 157, 161; 23 C. J. S., Criminal Law, § 992, pp. 1021–1022). Moreover, the trial court committed prejudicial error when it refused to strike out a statement by an important prosecution witness that she was willing to take a joint lie detector test with defendant (see *State of New Jersey* v. *Driver,* 38 N. J. 255; *People* v. *Carter,* 48 Cal. 2d 737; *State* v. *Kolander,* 236 Minn. 209; *State* v. *Green,* 254 Iowa 1379; see, also, *People* v. *Forte,* 279 N. Y. 204; 22A C. J. S., Criminal Law, § 645 [2]). Defendant was further prejudiced by the receipt in evidence of testimony that he had committed other crimes, had threatened to commit other crimes and had been "kicked out" of the Army, as well as by the verbatim repetition of that testimony in the court's charge without any cautionary instructions as to its effect. While defendant did not object to this testimony when it was adduced by the prosecutor, or to its repetition in the charge, it is clear that most of it was deliberately adduced by the prosecutor even though it was unnecessary to the People's case. In light of these facts, we deem this testimony so improper and so prejudicial that the interests of justice require us to overlook the failure of defense counsel to object to it (see *People* v. *Loomis,* 178 N. Y. 400; *People* v. *Zackowitz,* 254

N. Y. 192, 197; *People* v. *Nuzzo,* 294 N. Y. 227). We also believe that it was improper and prejudicial for the prosecutor to cross-examine certain defense witnesses in such a way as to apprise the jury of the contents of newspaper stories about this case, and to frame his questions in a manner that indicated to the jury that much of the prosecution theory of the case was established fact; and it was error for the court to overrule the objections by defense counsel to those questions. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.