Alfred J. Weiner, J.
In this disputed paternity proceeding, the attorney for the respondent has filed a notice of motion requesting that the petitioner be directed to submit to a polygraph examination. The motion is opposed.
It is well established, that polygraph evidence, because it is not scientifically reliable, is not admissible in this State. (See People v. Forte, 279 N. Y. 204; People v. Leone, 25 N Y 2d 511; People v. Dobler, 29 Misc 2d 481; Matter of Tree v. Ralston, 62 Misc 2d 582.) (To the contrary, see Matter of Stenzel, 71 Misc 2d 719; Walther v. O’Connell, 72 Misc 2d 316.)
It was held in People v. Leone (supra, p. 517) that “ Although perfection in test results is not a prerequisite to the admissibility of evidence obtainable by the use of scientific instruments, the rule has been to grant judicial recognition only after the instrument has been sufficiently established to have gained general acceptance in the particular field to which it belongs. (Wigmore, Evidence [3d ed.], § 990.)
1 ‘ Applying this standard, it is clear that the record before us does not adequately establish the reliability of the tests to be admissible in evidence. As previously indicated, the criterion for interpretation of the test chart has not as yet become sufficiently definite to be generally reliable so as to warrant judicial acceptance; nor can it be said that the examiner’s opinion demonstrates reasonable certainty as to the accuracy of the polygraph test in most instances.”
This court is, of course, aware of the inherent problems in all disputed paternity proceedings. In many such cases either petitioner and/or respondent are untruthful.
In the Matter of Stenzel (supra), decided by my learned colleague in Family Court, Niagara County, that court held that *824 the polygraph results could be admitted in evidence, not as direct proof of the fact, but only on the question of credibility.
Such a distinction does not overcome the specific limitation on the admissibility of polygraph evidence as set forth by the Court of Appeals. (See Leone, supra.) Therefore, this court respectfully disagrees with the Stensel holding.
Though the polygraph cannot be used as evidence, it has been proven sufficiently reliable to be used as an investigatory device with the consent of the parties involved. After all, it has been used in this manner extensively and successfully for many years by law enforcement authorities, government agencies and private industry. (Matter of Stenzel, supra; Dolan v. Kelly, 76 Misc 2d 151; Schatkin, Disputed Paternity Proceedings.)
The party conducting such investigation may use any admissions or relevant information acquired from the use of the polygraph machine for many purposes, including making a determination as to whether a particular petition lacks merit, or whether a proper respondent, was or was not named. This investigatory device may be particularly helpful to a County Attorney (or Corporation Counsel in the City of New York) where the petition is brought by an unwed mother of a child on public assistance, and the Department of Social Services requests her to name the father.
Such use, although limited in application of the polygraph results, could nevertheless expedite some of the paternity cases before being brought before the court.
Respondent’s motion requesting that the petitioner be ordered to submit to a polygraph examination is denied.