Gary S. WILSON, Appellant,

v.

Robert F. PARRATT, Warden, Nebraska Penal and Correctional Complex, Appellee.

No. 76–1271.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 19, 1976.

Decided Sept. 1, 1976.

---

Michael C. Washburn, Omaha, Neb., for appellant.

C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee; Paul L. Douglas, Atty. Gen., Lincoln, Neb. on brief.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

In December, 1973 Gary S. Wilson, petitioner below and appellant here, was found guilty in the District Court of Douglas County, Nebraska of having participated, along with Charles Casper, in the murder of James Armstrong on April 27 or 28, 1973; the murder was committed in the course of an attempt by Wilson and Casper to rob Armstrong of the sum of $200.00 which they knew that he had on his person. The defendants were tried separately; both were found guilty and both were sentenced to imprisonment for life. Both men appealed, and the convictions of both were affirmed. *State v. Wilson,* 192 Neb. 435, 222

N.W.2d 128 (1974); *State v. Casper,* 192 Neb. 120, 219 N.W.2d 226 (1974).

In connection with his direct appeal Wilson contended that the evidence was insufficient to sustain his conviction, and that the trial court had erred in instructing the jury with respect to Wilson's claim that he had withdrawn from the robbery prior to the murder of Armstrong. Both contentions were rejected by the Supreme Court of Nebraska.

Thereafter Wilson filed his petition for a writ of habeas corpus in the United States District Court for the District of Nebraska advancing the same contentions that he had advanced in the course of his direct appeal and contending that his conviction was tainted with a denial of due process of law due to the alleged insufficiency of the evidence and to the alleged error in the trial court's instruction as to an abandonment of a criminal enterprise which culminates in a murder. A similar petition was filed by Casper, and the two petitions were consolidated. The district court [1] filed an opinion dealing with each petition and denied both petitions. Wilson appeals. We affirm.

As the district court recognized in petitioner's case, a federal habeas court is not vested with jurisdiction to review the sufficiency of the evidence underlying state criminal convictions. Habeas corpus relief on the ground of lack of evidence to sustain petitioner's conviction is available only where the conviction is totally devoid of evidentiary support. *White v. Wyrick,* 530 F.2d 818 (8th Cir. 1976); *Cunha v. Brewer,* 511 F.2d 894, 898 (8th Cir. 1975).

When the evidence is viewed in the light most favorable to the State, we are satisfied that the trial jury could have found, although it was not required to find, substantially the following facts:

On the evening of April 27, 1973 Casper, Wilson and his wife began making the rounds of bars in the Omaha, Nebraska neighborhood; they were joined by the de-

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

ceased James Armstrong. As the evening progressed, Armstrong obtained two one hundred dollar bills from his sister. Wilson and Casper knew that Armstrong had this money in his possession and plotted to rob him of it. The party wound up at the Surfside Marina Club adjacent to the Missouri River which establishment had closed for the evening. The three men left the automobile in which they had been riding, and Wilson and Casper violently assaulted Armstrong for the purpose of robbing him, and both men threatened him with death or serious injury if he did not give them his money. Armstrong refused to do so, and the men were not able to find it on his person. While the struggle was going on, Wilson seems to have withdrawn from it, and he testified that he undertook to rescue Armstrong from Casper. At some stage Armstrong was either thrown into the river or leaped into it to escape from Casper. He was caught by the current and called for help. Wilson testified that there was some conversation between him and Casper about trying to rescue Armstrong, but nothing was done. Armstrong's body was found some ten days later; an autopsy did not reveal the precise cause of death, but the findings were consistent with death by drowning. On the day after the attempted robbery Wilson, his wife, and another individual returned to the scene, found the money, and divided it between Wilson and the other man.

We think that those facts provided an evidentiary basis for a jury finding that Armstrong came to his death by drowning, and that the drowning was the proximate result of the attempted robbery in which Wilson had admittedly participated. And we think that there was also an evidentiary basis for a jury finding under the instructions of the trial court that Wilson's belated withdrawal from the robbery came too late to absolve him from the fatal consequences of it.

■ Wilson's complaint about the trial court's instructions on the subject of Wilson's claimed withdrawal from the robbery has not been argued here and may have been abandoned. However, since the question was raised below, and since Wilson is now serving a life sentence, we deem it well to say that we agree with the district court that the complaint about the instructions does not raise an issue of constitutional dimension. *DeBerry v. Wolff,* 513 F.2d 1336, 1338–39 (8th Cir. 1975).

Affirmed.