■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WALKER, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 15, 1975, convicting defendant, after a jury trial, of rape in the first degree, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the case remanded for a new trial. It is well settled that a defendant may be interrogated upon cross-examination in regard to any vicious or criminal act of his life that has a bearing on his credibility as a witness *(People v Sorge,* 301 NY 198, 200). However, when evidence of other crimes has no purpose other than to show that a defendant is of criminal bent or character and thus likely to have committed the crime charged, it should be excluded *(People v Schwartzman,* 24 NY2d 241, 247). In this proceeding charging the defendant with rape in the first degree, the prosecutrix questioned the defendant with regard to the details of a prior rape case that had been dismissed against him. She later focused on that prior rape case in her summation. This entire line of questioning was improper for it served no purpose but to show a propensity on the part of the defendant to commit the crime of rape *(People v Greer,* 49 AD2d 297, 304). The defendant's testimony and the prosecutrix' summation in this area were so prejudicial that we must reverse in the interest of justice even though the defense counsel failed to raise any objections. *(People v Neumuller,* 29 AD2d 886.) Concur—Murphy, P. J., Birns, Capozzoli and Markewich, JJ.