■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCILLE WILLIAMS, Appellant.—Judgment, Supreme Court, New York County, rendered September 13, 1968, convicting defendant after a jury trial of the crimes of manslaughter in the first degree and criminal abortion, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. The testimony of the Medical Examiner revealed that Perkle Tasby died of a right heart and pulmonary artery air embolism during a mechanical criminal abortion. He further testified that it was highly improbable that the decedent tried to perform the abortion herself. During the course of the trial, further facts were developed showing that the defendant offered to perform an abortion in her apartment for $85. The decedent Tasby and her boyfriend, one Jones, were introduced to the defendant through one Robert Clark. Defendant claimed to perform abortions with the assistance of a doctor and a male nurse. Defendant would insert a syringe while the male nurse would hold a flashlight. The boyfriend gave defendant an envelope on which the words "LaSalle University Extension" were written. The envelope contained $85. Jones was called by defendant to come to where the abortion was being performed. Tasby was lying on the bed. Jones got smelling salts, but was unable to revive Tasby. A doctor was called, who pronounced Tasby dead. The doctor also called the police. When the police arrived, they were told by defendant, "My friend is dead." They saw Tasby lying on the bed atop newspapers. Also seen in the bathroom was a syringe approximately nine inches long with a red rubber squeeze ball on top. A large white basin was inside the bathtub. An autopsy was directed. Jones first stated to the police that Tasby had an appointment to have her hair done. He subsequently changed his statement and admitted that he had arranged with the defendant for an abortion for Tasby. When the police received the autopsy report that an abortion had been committed, they went to defendant's apartment and found a syringe, the envelope marked "LaSalle University Extension," and a note on which were written reminders. Defendant did not move to suppress this physical evidence. Defendant was convicted of manslaughter in the first degree and criminal abortion. We would reverse and remand for a new trial in view of the numerous errors occurring during the course of the trial. For our purposes, we note but two errors since the balance of the errors claimed would individually be relegated to the characterization of harmless error. The introduction in evidence of the note found in the apartment was impermissible since it served no purpose other than to show defendant's propensity to commit abortions (People v Schwartzman, 24 NY2d 241, 247; People v Walker, 59 AD2d 666). Furthermore, the comments by the Assistant District Attorney in summation regarding defendant's silence in the police station over a five-hour period of detention resulted in constitutional error mandating reversal (see People v Crimmins, 36 NY2d 230, 237), especially since the case at bar hinged in large part on the credibility of the defendant's testimony. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.