Isadore SERRANO, Petitioner,

v.

Jack DUCKWORTH, Warden, Respondent.

No. S 79–74.

United States District Court, N. D. Indiana, South Bend Division.

June 8, 1979.

---

Isadore Serrano, pro se.

Lindley E. Pearson, Atty. Gen. of Indiana, Indianapolis, Ind., for respondent.

## MEMORANDUM AND ORDER

SHARP, District Judge.

In the petition for a writ of habeas corpus, petitioner challenges his trial and conviction for first degree murder and murder in the perpetration of or attempt to perpetrate rape. On direct appeal to the Indiana Supreme Court his conviction was unanimously affirmed in *Serrano v. State*, 266 Ind. 126, 360 N.E.2d 1257 (1977). Petitioner alleges first, that the trial court erred in overruling his motion for discharge under Indiana Criminal Rule 4(B) dealing with speedy trial; second, that the trial court erred in excluding from evidence results of polygraph tests; and third, that the evidence was insufficient as a matter of law to support a guilty verdict.

The petitioner had the benefit of counsel both at trial and on appeal. A full and Complete state court record has been submitted to this Court and carefully considered in regard to all allegations. See *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

### A. THE SPEEDY TRIAL ISSUE

Petitioner's first allegation is that he filed a motion for an early trial on July 31, 1974 (R.28) under Indiana Rule of Criminal Procedure 4. Rule 4(B) provides if any defendant shall move for an early trial, he shall be discharged if not brought to trial within 70 days of the date of such motion, except where the delay is caused by his act or the congestion of the court. The trial did not commence until June 9, 1975 (R.59), over ten months after the motion for an early trial. Petitioner contends this was a clear violation of the 70 day time limit imposed by Indiana Rule of Criminal Procedure 4. The Indiana Supreme Court held that Serrano failed to object in a timely fashion to the setting of a trial date and was therefore deemed to have acquiesced in and waived that objection. *Serrano v. State, supra*, 360 N.E.2d at 1259; *Utterback v. State*, 261 Ind. 685, 310 N.E.2d 552 (1974). The Court found nothing in the record other than the filing of an early trial motion, to indicate that the defendant's claim that

he sought an early trial was bona fide. *Serrano v. State, supra*, 360 N.E. at 1259. In effect that court found the defendant had not been denied his right to a speedy trial due to a procedural waiver.

■ The threshold question is whether the petitioner has stated a cause cognizable in federal habeas corpus. This relief is available to a prisoner only upon a showing that the State denied him his constitutional rights in a state criminal proceeding. 28 U.S.C. § 2254(a); *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Mabra v. Gray*, 518 F.2d 512 (7th Cir. 1975), cert. den. 423 U.S. 1023, 96 S.Ct. 466, 46 L.Ed.2d 397 (1975). Petitioner at trial and on appeal, expressly relied on Indiana Rule of Criminal Procedure 4 and the Indiana Constitution, Article I, Section 12, claiming a violation of his generalized right to a speedy trial. The success or failure of this claim was predicated upon mathematical calculations of the 70 day period and who was responsible for the various delays. Examination of the entire record discloses no indication of an attack upon the prosecution as violative of the Sixth Amendment speedy trial clause. Petitioner's reliance on Indiana Rule of Criminal Procedure 4 in no way asserted a constitutional speedy trial claim. It is fundamental that the interpretation of a state statute and Constitution by the State's highest tribunal is binding upon the federal courts in a habeas corpus proceeding. *Paterno v. Lyons*, 334 U.S. 314, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948). It has been held that interpretation of a state speedy trial act is not a proper function for a federal court under its habeas corpus jurisdiction. *Israel v. Odom*, 521 F.2d 1370 (7th Cir. 1975); *United States ex rel. Little v. Twomey*, 477 F.2d 767 (7th Cir. 1973), cert. den. 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94 (1973).

■ The Sixth Amendment right to a speedy trial is applicable in state criminal proceedings by virtue of the due process clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *Jones v. Morris*, 590 F.2d 684 (7th Cir. 1979), cert.

den. 99 S.Ct. 1513 (1979). In a habeas corpus proceeding the court can decide only whether the petitioner's federal constitutional right to a speedy trial was violated. *Jones v. Morris, supra*, 590 F.2d at 770.

■■ The petitioner is here pro se and accordingly such complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), reh. den. 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). On its face the complaint relies on Indiana Rule of Criminal Procedure 4 which is a speedy trial act, the essence of the claim is the Sixth Amendment speedy trial clause. Under the circumstances of over a ten month delay in trial and the fact that this is a pro se complaint, *Haines, supra*, requires us to give the petitioner the benefit and recognize his constitutional claim. However, we find that the petitioner's constitutional claim was not fairly presented to the State Court of Appeals in keeping with the policy of federal-state comity. This is designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Fay v. Noia*, 372 U.S. 391, 419–420, 83 S.Ct. 822, 838–839, 9 L.Ed.2d 837 (1963).

It appears that no avenue of relief in state court remains open to petitioner for his constitutional speedy trial claim. The Indiana Rules of Appellate Procedure, Rule 8.3(A)(7), requires that each error appellant intends to raise on appeal be set forth specifically and followed by the argument thereto. Subsequent interpretation of this holds that issues not argued in the brief are deemed waived. *Foster v. State*, 262 Ind. 567, 320 N.E.2d 745 (1974); *Public Service Commission v. Indiana Bell Telephone Co.*, 232 Ind. 332, 108 N.E.2d 889 (1963). Accordingly, we cannot say he has failed to exhaust his state remedies. *Humphrey v. Cady*, 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972).

Therefore, we must consider whether petitioner's failure to raise on appeal a consti-

tutional speedy trial claim bypassed state procedures so as to preclude federal habeas corpus review. A sequence of cases addresses this issue beginning with *Fay v. Noia, supra*, and culminate with *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Petitioner Noia, in *Fay v. Noia, supra*, failed to bring an appeal of his state conviction and his later coram nobis action was therefore procedurally barred. The court held he was still entitled to habeas review and would not be barred by procedural defaults unless there had been a "deliberate bypass". *Fay v. Noia, supra*, 372 U.S. at 439, 83 S.Ct. at 849. The court went on to enunciate the classic definition of waiver as "an intentional relinquishment of a known right or privilege." *Fay v. Noia, supra*, at 439, 83 S.Ct. at 849; *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Subsequent decisions have limited the effect of *Fay*. In *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the court held that a habeas petitioner's failure to raise pretrial his objection to grand jury composition, as required by state procedural rules, barred consideration of that claim in federal habeas. *Id.* at 542, 96 S.Ct. at 1711. The standard enunciated required the petitioner to show cause for the procedural waiver and actual prejudice flowing from it. *Id.* at 542, 96 S.Ct. at 1711. In *Wainwright v. Sykes, supra*, the court expressly applied the "cause and prejudice" test to contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by * MESSAGE(S) *MORE SECTIONS FOLLOWstate procedure and expressly rejected the *Fay* test. *Id.* 433 U.S. at 87–88, 97 S.Ct. at 2506–07.

It remains unclear which waivers are to be evaluated under the *Fay* "deliberate bypass" standard and which are under the *Francis* "cause and prejudice" standard. Separate concurrences in *Wainwright* by Chief Justice Burger and Mr. Justice Stevens clarify the question. The court is more apt to find a habeas petitioner bound by a bypass with respect to a tactical decision committed by counsel, more so than decisions entrusted to the defendant himself. *Wainwright, supra*, 97 S.Ct. at 2508, n. 14 (concurring, Burger); *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977); *Rinehart v. Brewer*, 561 F.2d 126, 130 n. 6 (8th Cir. 1977).

■ Both the Second and Eight Circuits have observed that where waiver relates to counsel's tactical decisions concerning which legal issues will be urged on appeal as uniquely within the lawyer's competence and left to his judgment. *Ennis v. LeFevre, supra, Rinehart v. Brewer, supra*. Lacking any showing of "cause and prejudice", *Francis v. Henderson, supra, Wainwright v. Sykes, supra*, we find that the petitioner is bound by his counsel's decision not to press the constitutional speedy trial issue. Accordingly, the claim is inappropriate for review.

Petitioner's second allegation deals with the refusal of the trial court to allow him to introduce the results of two polygraph tests which had been administered to him. The Indiana Supreme Court has held that the results of polygraph tests are not admissible in court as evidence, absent waiver or stipulation, because they are not sufficiently accurate. See, *Vacendak v. State*, 264 Ind. 101, 340 N.E.2d 352 at 357 (1976). The court held that in petitioner's case there was no waiver or stipulation, *Serrano v. State, supra*, 360 N.E.2d at 1259, 1260, and the evidence was properly excluded.

■ Evidentiary disputes relating to admission of polygraph tests, where the state courts have held them inadmissible because of unreliability, do not present questions of constitutional magnitude. *U. S. ex rel. Sadowy v. Fay*, 189 F.Supp. 150 (S.D.N.Y. 1960), *affirmed* 284 F.2d 426 (2d Cir. 1960), *cert. den.* 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961). The trial court's decision to exclude the results of the polygraph testing, based on state law, did not violate petitioner's due process rights and the question is not cognizable in federal habeas cor-

pus proceedings. See, *U. S. ex rel. Sadowy v. Fay*, 284 F.2d at 427.

Petitioner's final claim is that the evidence presented was insufficient as a matter of law to support a conviction. The question of sufficiency of the evidence is one of state law and habeas relief on that ground is available only where the state court conviction is totally devoid of evidentiary support. *Moore v. Duckworth*, 581 F.2d 639 (7th Cir. 1978); *Wilson v. Parratt*, 540 F.2d 415 (8th Cir. 1976). There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law and one so totally devoid of evidentiary support as to raise a question of due process, and it is only in the latter situation that there has been a violation of constitutional rights which afford a state prisoner a remedy in federal court on a writ of habeas corpus. *Faust v. State of North Carolina*, 307 F.2d 869 (4th Cir. 1962), *cert. den.* 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1962), see also, *Mercado v. Massey*, 536 F.2d 107 (5th Cir. 1976). Federal habeas corpus will not lie to inquire into the sufficiency of evidence in support of a guilty verdict unless there is a total lack of credible evidence. *Wilson v. Parratt, supra, Talavera v. Wainwright*, 547 F.2d 1238 (5th Cir. 1977).

In this case the transcript and record of proceedings in the state court establishes that there was circumstantial evidence linking petitioner to the crime and the victim. Witnesses placed petitioner near the scene of the murder at about the time the crime was committed, wearing clothing similar to that worn by a man seen running from the area where the body was found (Tr. 292–294, 299–301, 304), and witnesses established that petitioner had bruises and scratches on his hand after the time that the crime was committed. (Tr. 307, 314, 316–317). Norma Hernandez testified that petitioner had told her that he had killed Debra Gomez (Tr. 255). Petitioner also told her that Debra Gomez was a former girl friend of his and that he hated her (Tr. 267). At trial Norma Hernandez testified that she gave the statement to the police while she was in their custody on investigation of a criminal charge, that she did not believe that petitioner actually killed Debra Gomez and that she told the police about the incident only because she "wanted to get out of there", (Tr. 260–266). The jury was aware of the circumstances of the confession and the fact that she personally did not believe petitioner's statement. The jury was able to weigh these factors and observe the credibility of the witness, and they chose to take petitioner's statement at face value.

Federal courts will only review sufficiency of the evidence questions in state criminal convictions if the record is totally devoid of evidentiary support, *Wilson v. Parratt, supra, Talavera v. Wainwright, supra*, and that is not the case here. The record of proceedings in this case establishes that there was credible evidence to support petitioner's conviction.

For the foregoing reasons, petitioner's due process rights have not been violated.

As there are no questions raised which state a claim upon which habeas corpus relief can be granted, it is hereby ORDERED that the petition for writ of habeas corpus be and hereby is DENIED.