## REED v. STATE.    (I Div. 559.)

(Court of Appeals of Alabama.  Feb. 17, 1925.)

**1. Criminal law ☞877—Verdict of guilty without finding as to codefendant cannot stand.**

In a prosecution for miscegenation under Code 1923, § 5001, verdict of guilty against one defendant cannot be sustained where jury makes no finding as to codefendant.

**2. Criminal law ☞877—Acquittal of codefendant held to nullify conviction of other defendant.**

The offense of miscegenation denounced by Code 1923, § 5001, is necessarily the act of two persons, and on a trial of both a verdict of guilty as to only one cannot be sustained under section 8698; the jury's failure to find as to codefendant being an effective acquittal as to her.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Daniel Reed was convicted of miscegenation, and he appeals.  Reversed and remanded.

Joe M. Pelham, Jr., of Chatom, for appellant.

Acquittal of one defendant operated as an acquittal of the other. 16 C. J. 1104; Segars v. State, 88 Ala. 144, 7 So. 46; Davis v. State (Miss.) 23 So. 1017; Rather v. State, 1 Port. (Ala.) 132.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no error in the record.

SAMFORD, J. [1] The indictment charged that defendant, a descendant of a negro, and Thelma Reed, a white woman, did intermarry, etc.  The parties were tried jointly and resulted in a verdict of guilty as to this appellant and an acquittal as to Thelma; or, to state it in a different way, on the joint trial with identical proceedings and evidence as to each the jury returned a verdict of guilty as to appellant, but failed to make a finding as to his codefendant.  The court accepted the verdict and pronounced judgment on appellant.  This was equivalent to a verdict and judgment of acquittal as to Thelma.  2 Wharton, Crim. Law, par. 1674.  There was motion to set aside the verdict, which motion was overruled.

The indictment was drawn under section 5001 of the Code of 1923, which statute is designed to prevent an admixture of the white and negro races, and with the exception of the racial question, does not change the rules governing marriage.  A marriage, therefore, even between a white and a negro carries with it a voluntary relationship which but for the statute would constitute them man and wife, and for the violation of this statute both the white and the negro are to be punished in precisely the same manner. Ellis v. State, 42 Ala. 525–527.

In this case the evidence was in conflict; that for the state tending to prove that defendant was the descendant of a negro, and that for defendant tending to prove that his descent was from the "Cajan," that is, from an admixture of Arcadian, Indian, and Spanish, of which people there is a colony in Washington and Monroe counties in this state, claiming traditionally a descent from those Arcadians who years ago were transported from their homes in Nova Scotia, and landed among the Indians and early Spanish settlers of the gulf coast.  The woman and codefendant was of the white race.  They were regularly licensed and married according to the forms of law, lived together as man and wife, and had two small children born to them of the marriage.

There are many objections and exceptions noted in the record which on account of our conclusions we think it unnecessary to decide.

[2] Section 8698 of the Code of 1923 is but declaratory of the general common law rule that—

"When two or more persons are indicted together for one offense a part may be convicted and the rest acquitted." 1 Bish. Crim. Law, par. 800.

This rule does not and cannot apply to an impossible or contradictory verdict.  Both are indicted; both are tried; the same evidence is used as to both; both are equally guilty or innocent.  We have found no direct authority on this question, but taking the crime of conspiracy to be analogous the decisions are numerous and the law well defined.  In other words, in the present crime, as in conspiracy, the crime could not be committed by one person; it must ex necessitate be joint.  Where this is the case and on the trial one is acquitted, the legal effect is the acquittal of the other.  1 Bish. Crim. Law, par. 801.  Wharton, Crim. Law, vol. 2, par. 1674, lays down the same rule and adds:

"Nor can a conviction of one of two coconspirators be sustained when the jury do not agree as to the other."

Following these authorities, together with decisions from numerous courts of last resort cited under notes 97 and 98, Corpus Juris, vol. 16, p. 1104 (2591), lays down the general rule as applicable to all cases that—

"Where several persons are jointly indicted and tried for an offense which may be committed by one person alone, the jury may by separate verdict, convict one or more and acquit the others, or disagree as to the others, unless the evidence against all the defendants is the same.  This rule, however, does not apply to a crime which can be committed only by several jointly, in such a case the acquittal

of one of two joint defendants is the acquittal of the other; and if one is convicted and subsequently the other is acquitted, the conviction must be set aside."

The above clearly states the law as applicable to this case.

The motion for a new trial should have been granted, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.