

E. O. Baldwin, of Andalusia, for appellant.

On motion for new trial a different rule applies. It is the duty of the presiding judge to hear and observe the witnesses, and if, in his opinion, the verdict is contrary to the great weight of the evidence and to let the judgment stand would be wrong and unjust, it is his high duty to exercise the power he has and to set the verdict aside. In the case of Hackett v. Cash, 196 Ala. 403, 72 So. 52, 53, Anderson, C. J., has restated the rule which has obtained in this state and supported by a long and unbroken line of authorities to the effect that: "When the evidence is ore tenus, or partly so, and the trial court has the advantage of seeing and hearing the witnesses, this court will not disturb the conclusion unless it is plainly and palpably contrary to the weight of the evidence."

This rule still obtains notwithstanding Code 1923, § 6088. As was pointed out in the Hackett v. Cash Case, supra, the Legislature is without constitutional authority to require appellate courts to disregard the finding of the trial court upon facts which said court had a better opportunity to pass upon and consider the evidence than the appellate court. A. G. S. R. R. Co. v. Hamilton, 135 Ala. 343, 33 So. 157; Connors-Weyman Steel Co. v. Harless, 202 Ala. 317, 80 So. 399.

The appellate court, in reviewing the granting of a motion for new trial, indulges the same presumption in favor of the ruling as when the motion is denied. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Ex parte Landers, 214 Ala. 20, 106 So. 225; Walker v. St. L.-San Francisco Ry. Co., 214 Ala. 492, 108 So. 388.

For the foregoing reasons the judgment is affirmed.

Affirmed.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of miscegenation. Alabama Code of 1928 (Michie) § 5001. The appeal is submitted here on the record, proper, without bill of exceptions.

The indictment was in Code form, and therefore the demurrers to same were properly overruled. Code, supra, section 4527; Williams v. State, 23 Ala. App. 365, 125 So. 690.

It is sufficiently apparent that appellant was personally present in court during all stages of her arraignment, trial, conviction, etc. Frost v. State, 225 Ala. 232, 142 So. 427.

While we have no disposition to depart from our holding in the case of Reed v. State, 20 Ala. App. 496, 103 So. 97, and the holding in other of our cases in line therewith, yet we do not think· said holding is opposed, by virtue of the reason underlying it, to an affirmation of the judgment of conviction in the instant case.

Here, so far as we are advised, appellant's co-indictee was regularly convicted, as was she. We would not—in fact, we are not permitted to—merely speculate that he was

146 So. 420

## MITCHEM v. STATE.
### 4 Div. 945.

Court of Appeals of Alabama.
Feb. 21, 1933.

acquitted, etc. If, indeed, error of the sort influencing our decision in Reed v. State, supra, was committed, it was incumbent upon appellant to afford us opportunity, by way of the necessary information through a bill of exceptions, or otherwise, legally, to so declare. Ferguson v. State, 24 Ala. App. 491, 137 So. 315.

We see nothing irregular, or erroneous, in the indictment, trial, etc., of appellant. And the judgment of conviction is affirmed.

Affirmed.

146 So. 426

## SMITH v. STATE.

### 3 Div. 724.

Court of Appeals of Alabama.

Feb. 21, 1933.

Hamilton & Jones, of Evergreen, for appellant.