50 So.2d 433

## MOSLEY v. STATE.
### 6 Div. 114.

Supreme Court of Alabama.
Feb. 8, 1951.

Gibson & Hewitt, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for appellee.

FOSTER, Justice.

This is a proceeding in equity for the condemnation of an automobile, wherein it is alleged that it had been knowingly used for the transportation or storage of lottery papers and paraphernalia, as defined in Act No. 532 of the Legislature of Alabama, which became effective as a law without the approval of the governor on September 6, 1949, General Acts 1949, page 842. Section 248, Title 29, Code.

A demurrer to the bill was overruled, and this appeal is from that decree. The bill alleges that at the time the automobile was seized, it was "being knowingly used for the transportation or storage of lottery slips, lottery tickets, lottery equipment, papers, writings, or other devices used, or to be used, or adapted, devised, or designed for the purpose of playing, carrying on or conducting a lottery, contrary to law." It is also alleged, in another paragraph, that the automobile "was being knowingly used for the transportation or storage of a machine, mechanical device, contrivance, or invention which was being operated, or could be operated as a game of chance or lottery, contrary to law."

The demurrer goes to the constitutionality of the Act of 1949, supra. For the reasons which we will proceed to state, it is our view that the demurrer was overruled without reversible error.

We will treat the constitutional questions argued in appellant's brief.

The first contention made in that respect is that the Act No. 532 violates the Fourteenth Amendment to the Federal Constitution with reference to due process and equal protection, insisting there is in the Act an arbitrary classification in exempting from its operation lottery papers and lottery paraphernalia issued by and bearing the name of a religious or charitable organization or a veterans' organization. Section 65 of the Alabama Constitution is also cited as material in that respect. That provision of the Alabama Constitution prohibits the legislature from authorizing lotteries or gift enterprises, and avoids all acts of the legislature authorizing them which may have been enacted. Therefore, if Act No. 532, supra, were held to authorize a lottery to be conducted by religious, charitable or veterans' organizations, it would violate section 65, supra. But the Act does not have any such effect. Its only purpose, we think, is to aid in the enforcement of the law, in the territory covered by it, which prohibits the conduct of a lottery or gift enterprise. Section 275, Title 14, Code. That prohibition applies to all alike, everywhere in the State, and does not exempt religious or charitable institutions or veterans' organizations. So that the Act in question does not violate section 65 of the Alabama Constitution. But it does exempt from its operation matter issued by and marked in the name of such institutions and organizations. That means that an automobile which carries lottery papers or paraphernalia issued by and bearing the name of any such institution or organization shall not be subject to condemnation under its authority, though it is carried in Jefferson County, the only county in the State in which the Act is presently operative, and though any other such lottery material carried by an automobile in that county would be subject to condemnation. The purpose of the Act, as we have said, without doubt, is to aid in the enforcement of section 275, supra, which prohibits a lottery conducted by any person or organization.

Appellant contends that to exempt the property of religious, charitable and veterans' organizations from the operation of the law is not only an arbitrary classification under the ban of the Fourteenth Amendment but also violates section 108 of the Alabama Constitution, in that it exempts from the operation of a general law certain private corporations and associations.

Section 108, supra, is very clear. This being a general law, if religious, charitable or veterans' associations or corporations were exempted, there would be a clear violation of the Constitution, Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040, because they are private in nature. But under the Act automobiles of any such association or corporation which carry or store lottery papers or lottery paraphernalia, which are defined by the Act as contraband, would be subject to the proscriptions of the Act the same as if owned by any other person, association or corporation. Such association or corporation is not at all exempt from the operation of the Act under section 108 of the Alabama Constitution. The exemption in that Act relates only to the sort of papers or paraphernalia defined as contraband. In effect, it provides that the papers and paraphernalia issued by and bearing the name of any such organization is excepted from the definition of contraband lottery papers and lottery paraphernalia.

■ So that by reason of the exception property of a certain sort cannot be carried in Jefferson County in an automobile, unless such property was issued by and bears the name of some described religious, charitable or veterans' organization. The owner of the automobile could limit his carriage so as to include only the material exempted. That would put an advantage on such property based upon the sort of person or organization who issued and marked it. It is not discriminatory as between automobile owners. The burden of such discrimination is upon the one who operates or proposes to operate a lottery by the use of the property not so issued or marked. The discrimination, if so it be we repeat, is not with respect to one who oper-

ates the automobile, as it is with respect to the one who proposes to operate a lottery by using the property alleged to be contraband. There is therefore no discrimination of which this appellant can take advantage. He is the automobile owner not the operator of the lottery. He does not claim that the discrimination contained in the Act is against him as an operator of a lottery by using the alleged contraband material not issued and marked as provided. When it is claimed that an act of the legislature is discriminatory, and thereby affects the rights of certain persons or classes of persons, no person or class of persons, not so affected, has any right to complain that it is so. The discriminatory feature of the act must directly affect the constitutional rights of the person complaining. There is nothing here which affects the constitutional rights of this appellant in respect to the claimed discrimination. Appellant is only an automobile owner against whom no discrimination is claimed. The person who proposes to promote or conduct the alleged lottery is not here complaining. If there is an unlawful discrimination, it is against the promoter of the lottery, not the automobile owner. Shehane v. Bailey, 110 Ala. 308, 20 So. 359; State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 221, 59 So. 294; State ex rel. Montgomery v. Merrill, 218 Ala. 149 (6), 117 So. 473; Alabama Federation of Labor v. McAdory, 325 U.S. 450 (10), 65 S.Ct. 1384, 89 L.Ed. 1725; First National Bank v. Louisiana Tax Comm., 289 U.S. 60(4), 53 S.Ct. 511, 77 L.Ed. 1030; Lynch v. United States, 292 U.S. 571 (3), 54 S.Ct. 840, 78 L.Ed. 1434.

■ We cannot find that the attack made in this case includes a claim that the Act of 1949, supra, is a local act under section 110 of the Constitution and void for a failure to comply with section 106 of the Constitution. So that we cannot consider that question on this appeal. But we call attention to the fact that in the other cases now being considered by the Court that question was presented, and it is now there held that the Act is local and void for non-compliance with section 106, supra.

We presume of course that in the further progress of this suit, effect will be given to those opinions. But we must pass on the case as it is presented for review.

The right to answer the bill is extended for thirty days from the final action of this Court on this appeal.

Affirmed.

BROWN, LIVINGSTON and LAWSON, JJ., concur.