61 So.2d 457

## HOUSE v. STATE.
6 Div. 301.

Court of Appeals of Alabama.
Aug. 19, 1952.

Rehearing Denied Oct. 7, 1952.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant was tried in the Circuit Court of Tuscaloosa County under an indictment charging him with (1) manufacturing alcoholic, spirituous, malted or mixed liquors or beverages, and (2) possessing a still, etc. The jury returned a verdict of guilty as to both counts and appellant was sentenced to three years in the penitentiary.

The testimony for the State was to the effect that a 1,000 gallon tank type still was found 18 miles northeast of Northport, in Tuscaloosa County. The still was fired, charged with mash, and a mixture of whiskey and water was running therefrom.

As the officers approached the still they saw a Dodge pickup truck, driven by one Joe Stewart, leaving. Defendant was also in the truck. No one was at the still when the officers arrived, but shortly thereafter the Dodge truck returned and two men got out. One of them was the appellant and the other was Shirley Brown. Stewart drove the truck a short distance away from the still and parked it. The three men carried some equipment to the still. Appellant

had a cross cut saw, a piece of steam line and a paper sack. The condenser on the still was leaking and Brown carried an automobile radiator converted for use as a condenser.

At the time the officers made the arrest the appellant made a statement admitting making whiskey on the still and that he was part owner of the still. The statement was later reduced to writing.

On the trial the appellant denied owning or operating the still. He testified he had been at a camp fishing, and was drunk at the time of the raid. He stated he did not remember making any statement to the officers.

The evidence was sufficient, if believed by the jury, to sustain the verdict, and the motion for new trial was refused without error.

■ This cause must be reversed, however, because of the ruling of the court in connection with certain statements of the law made by the Solicitor to the jury.

In his argument to the jury the Solicitor remarked:

"That in itself is the corpus delicti. His presence at the still in itself is the corpus delicti."

Defendant's objection was overruled and exception duly reserved.

■ While the law of the case must be taken from the court and not from either counsel, yet, it is improper for the prosecuting attorney to misstate the law applicable to the case. 23 C.J.S., Criminal Law, § 1110; Puckett v. State, 24 Ala.App. 217, 133 So. 63; Jackson v. State, 23 Ala. App. 555, 129 So. 306.

■ The mere presence of a person at a still is not a violation of the law. Biddle v. State, 19 Ala.App. 563, 99 So. 59; Hudson v. State, 249 Ala. 372, 31 So.2d 774, and cases cited.

The overruling of the objection was calculated to impress the minds of the jury that the court approved the statement as a correct proposition of law. The jury was not instructed that they were to receive the law from the court alone, and no correction of the erroneous and prejudicial statement was made by the court in charge.

We are of the opinion this erroneous statement of the law was calculated to mislead the jury.

Other questions presented will probably not arise on another trial.

Reversed and remanded.