Charles JONES, Petitioner-Appellant,

v.

Ernest MORRIS, Warden, Menard State Prison, Menard, Illinois, Respondent-Appellee.

No. 77–1984.

United States Court of Appeals, Seventh Circuit.*

Argued Nov. 9, 1978.

Decided Jan. 19, 1979.

Certiorari Denied March 19, 1979. See 99 S.Ct. 1513.

---

* This appeal was originally decided by an unreported order on December 28, 1978. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

Michael C. Murphy, Notre Dame, Ind., for petitioner-appellant.

Melbourne Noel, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

The petitioner, Charles Jones, was arrested on April 8, 1973. An indictment of an Illinois grand jury charging him with murder followed shortly thereafter. The indictment was dismissed on the state's motion on July 16, 1974, but a new indictment was issued on November 22, 1974, charging Jones with the same offense. In a bench trial on March 11, 1975, Jones was found guilty and sentenced to not less than eighteen and not more than thirty-five years in the penitentiary. After the Illinois Appellate Court affirmed his conviction, *People v. Jones,* 37 Ill.App.3d 515, 346 N.E.2d 430 (1976), Jones filed a petition for a writ of habeas corpus in the federal district court alleging a violation of his right to a speedy trial. Subsequently, Jones filed a motion for appointment of counsel, but the motion was denied by the district court when it granted the state's motion for summary judgment on July 14, 1977. On appeal, Jones argues that the district court erred (1) by granting the state's motion for summary judgment and (2) by denying his motion for appointment of counsel.

I. Speedy Trial

A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment and applicable in state criminal proceedings by virtue of the due process clause of the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The four

factors which should be assessed in determining whether the right has been violated are set forth in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. Although an assessment of the four factors depends on an analysis of the underlying facts, the balancing of these factors is itself a question of law. Whether the district court erred in granting the state's motion for summary judgment, therefore, depends on whether "the petitioner's allegations, if proved, would establish his right to release." *Townsend v. Sain,* 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770 (1963).

■ The time between Jones' arrest on April 8, 1973, and his trial on March 11, 1975, was twenty-three months. The right to a speedy trial is not violated by the passage of any specific period of time. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182; *United States v. Jackson,* 542 F.2d 403, 407 (7th Cir. 1976). We cannot say that a delay of twenty-three months necessarily precludes granting summary judgment for the state in a collateral attack on a judgment of conviction. *See United States ex rel. Spina v. McQuillan,* 525 F.2d 813 (2d Cir. 1975) (affirming denial of petition without a hearing despite a twenty-six month delay between indictment and trial). Although the length of the delay weighs against the state, it is not so "inordinately lengthy" as to weigh heavily against the state. *See Morris v. Wyrick,* 516 F.2d 1387, 1390 (8th Cir.), *cert. denied,* 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975).

The reason for the entire twenty-three month delay does not clearly appear in the record. The parties before this court have devoted a good deal of argument to the reason for the dismissal of the first indictment and the subsequent reinstitution of prosecution by the second indictment. Jones' petition alleges, in essence, that the state prosecutor overestimated the probativeness of negative results in certain tests made to determine whether Jones had fired the murder weapon. The petitioner also

alleges that the prosecutor decided to reinstitute criminal proceedings after criticism of the dismissal by the local Chamber of Commerce. These allegations, however, fall short of allegations of bad faith or a deliberate attempt to obtain an advantage over the defendant; they charge, at best, that the prosecutor had some doubts or reservations about the prosecution of the charge. Nevertheless, the absence of any reason for the delay should weigh against the state.

■ Jones asserted his right to a speedy trial by way of a motion to dismiss the indictment on March 3, 1975. This belated assertion of the right, some twenty months after the first indictment and more than three months after the second indictment, does not weigh heavily in Jones' favor. "Whether and how a defendant asserts his right can and should be considered in the balancing test." *Morris v. Wyrick,* 516 F.2d at 1391. Only a month before Jones' motion to dismiss, his attorney was granted a continuance and the trial was reset to a later date. Soon, less than ten days after Jones raised the speedy trial issue, the trial was held. We think the record indicates that Jones did not pursue his speedy trial allegation until it became apparent that trial was imminent. Although the record does not contain any ruling by the state trial court on the merits of Jones' motion to dismiss, it does contain Jones' attorney's representation to the trial court that the defense had no motion other than those already ruled on by the court. We think that the record establishes that, although Jones did not waive his speedy trial right, he was not overly anxious to assert it and did not pursue it vigorously. *See id.*

At this point the balance of the *Barker* factors is about even. The delay was long, but not excessively long. Although the delay is chargeable to the state, Jones did little to encourage putting the state promptly to its proof. "The central question, then, is whether the defense function was tangibly impaired." *United States v. Jackson,* 542 F.2d at 409.

█ Jones disavows any claim of prejudice due to incarceration while awaiting trial. Nor does his petition allege any particular anxiety flowing from the pendency of criminal charges. His petition refers only indirectly to the loss of a witness due to the delay of his trial. Jones' position is apparently that his defense was prejudiced because during the period between the dismissal of the first indictment and the trial, he misplaced the name and address of a potential witness who might have furnished some unspecified exculpatory testimony concerning the defendant's activities on the night of the murder. During the pendency of the first indictment, however, Jones did not inform his counsel of the existence of this witness. In addition, there is no indication that Jones attempted to contact this witness while free on bond. The value that the witness may have had to the defense is uncertain, and the causal link between the delay of the trial and the loss of the witness is left to speculation. As the trial court noted, petitioner has not shown a sufficient causal relationship between the delay, the unavailability of the witness, and the asserted prejudice. The unavailability of the witness, if there was in fact such a witness, is equally attributable to the petitioner's carelessness.

We hold that the trial court correctly granted the state's motion for summary judgment. In this case

there is only one unresolved factual dispute—the reason for the delay—which is not resolvable based on the pleadings or the record. . . .

Here we have accepted as true [petitioner's] allegation that there is absolutely no valid excuse for the delay, and yet as a matter of law, . . . he has not established a denial of his constitutional right to a speedy trial. In these circumstances an evidentiary hearing would serve no useful purpose.

*Morris v. Wyrick,* 516 F.2d at 1392.*

## II. Appointment of Counsel

█ Jones also objects to the district court's denial of his request for court appointed counsel pursuant to 28 U.S.C. § 1915(d). We find no error. The language of the statute authorizing federal courts to appoint counsel for indigents is permissive, not mandatory. The statute necessarily vests the district court with broad discretion. Jones expressly disclaims here on appeal any argument that indigents are constitutionally entitled to appointed counsel in habeas corpus proceedings. Our review of the record and the issues raised in this case

* We also find that Jones' argument that the state trial court deprived him of due process by failing to rule on his motion to dismiss to be without merit. Jones argues as follows:

(1) The Illinois speedy trial statute, Ill.Rev. Stat. ch. 38, § 103–5, guarantees every criminal defendant a trial within 160 days from the date the defendant demands a trial.
(2) He raised the speedy trial issue by his pretrial motion to dismiss the indictment.
(3) The trial court was obligated under state law to rule on the motion to dismiss before continuing to trial. *See* Ill.Rev.Stat. ch. 38, § 114–1(c).
(4) This pretrial right to a ruling on the statutory claim creates a property or liberty interest within the protection of the due process clause.
(5) Therefore, the trial court's failure to rule on his motion to dismiss deprived him of due process.

Assuming *arguendo* that the Illinois statutory scheme which was designed to supplement the federally guaranteed right to a speedy trial can provide a basis for a constitutionally protecti-

ble right beyond that guaranteed by the Sixth Amendment itself, *but cf. Israel v. Odom,* 521 F.2d 1370, 1376 (7th Cir. 1975), we find that the error, if any, was harmless beyond a reasonable doubt. The Illinois speedy trial provision provides that a trial shall be held within 160 days of a *demand for trial.* Ill.Rev.Stat. ch. 38, § 103–5(b). Here, Jones never filed a demand for trial, only a motion to dismiss the indictment; therefore the 160 day period never began to run. *Cf. People v. Wyatt,* 47 Ill.App.3d 686, 8 Ill.Dec. 135, 365 N.E.2d 373 (1977) (indications of readiness to proceed to trial, requests for trial by jury, and even vigorous objections to continuances requested by the state are not demands for trial within the meaning of the Illinois act). Moreover, even if the Illinois courts would treat a motion to dismiss an indictment as a demand for trial, Jones' statutory right to a speedy trial was not violated because his trial commenced less than ten days after he made his motion. Consequently, had the Illinois trial court ruled on Jones' motion, its ruling undoubtedly would have been a denial.

convinces us that the trial court acted within its discretion in denying Jones' motion for appointed counsel. *LaClair v. United States,* 374 F.2d 486 (7th Cir. 1967).**

The judgment of the trial court is therefore

AFFIRMED.

** In any event, since the issues before the district court were the same as those argued by Jones' court appointed counsel before this court, it is difficult to imagine how Jones has been prejudiced.