The defendant was indicted for assault with intent to ravish. He was convicted of assault and battery and fined five hundred dollars. After he defaulted in the payment of this fine, the trial judge imposed a term of one hundred forty days' imprisonment and added a term of ninety days' imprisonment as additional punishment. Although several arguments are presented on appeal, the major issue is the alleged denial of a speedy trial.
 I
The facts governing this issue are set forth in chronological order:
November 13, 1976 — Date of the offense.
November 15, 1976 — A warrant was issued for the defendant's arrest by the Recorder's Court of the City of Prichard.
March, 1977 — The record does not disclose when the defendant was initially indicted. However, the original indictment was "thrown out" on the defendant's motion to quash "sometime about" March of 1977.
June 10, 1977 — The defendant was reindicted by the Mobile County Grand Jury.
November 21, 1978 — A "duplicate" warrant of arrest was issued for the defendant. This warrant bears the notation "N.F. moved Vacant House".
December 30, 1978 — The above warrant was executed by arresting the defendant and committing him to jail. The defendant was released after making bail that same day.
January 17, 1979 — The defendant was arraigned and trial was set for March 12, 1979. Additional time was granted for the defendant to file special pleas.
January 29, 1979 — The defendant filed a Motion to Dismiss for Want of Speedy Trial. A hearing was held on February 9th. This Motion was denied on February 15, 1979.
March 12, 1979 — The defendant was tried and convicted.
In determining whether a defendant has been denied the right to a speedy trial the Court must utilize a balancing test, weighing the conduct of the prosecution with that of the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972), is the "yardstick by which any court must determine whether there was a denial of speedy trial in violation of the Sixth Amendment to the United States Constitution". Slaughter v. State, 377 So.2d 632 (Ala. 1979). The factors enumerated *Page 1059 
in Barker to be considered are: (1) Length of delay, (2) reason for delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant.
Length of Delay: The length of delay is merely a threshold "triggering mechanism". Barker, 407 U.S. at 530,92 S.Ct. at 2192. A court need not inquire into the other factors until there is some delay which is "presumptively prejudicial".Barker, id.
Here the original indictment was dismissed when the court granted the defendant's motion to quash. The record does not reveal the defect in the original indictment but there is no suggestion of improper motive or conduct on the part of the prosecution in drafting that accusation. Under these circumstances the new indictment gave rise to a new time period. See 21 Am.Jur.2d, § 245 (1965); Annot., 30 A.L.R.2d 462 (1953). Thus, for purposes of determining whether the defendant was denied his Sixth Amendment right to a speedy trial, we shall consider only the twenty-one month period between the reindictment in June of 1977 and the trial in March of 1979. "[C]onsidering the lack of complexity of the factual and legal issues", this twenty-one month delay "provides a sufficient springboard for inquiry into the other factors". United Statesv. Edwards, 577 F.2d 883, 888 (5th Cir. 1978). Although this delay is excessive, it is not sufficient in itself to warrant a finding that the defendant has been denied the right to a speedy trial. "There is no fixed length of time that is considered to be per se unreasonable." Andrews v. State,370 So.2d 1070, 1072 (Ala.Cr.App.), cert. denied, 370 So.2d 1075
(Ala. 1979). Generally, the passage of time, standing alone, is not enough to justify a holding that the guarantee of a speedy trial has been violated. Barker, 407 U.S. at 533,92 S.Ct. at 2193; Jones v. Morris, 590 F.2d 684, 686 (7th Cir. 1979). "Although the length of the delay weighs against the state, it is not so `inordinately lengthy' as to weigh heavily against the state." Jones, 590 F.2d at 686.
Reason for Delay: The reason for the twenty-one month delay does not clearly appear in the record. Although the evidence suggests two possible reasons for delay, the State offered no explanation for the eighteen month delay between the time the defendant was reindicted and his arrest.
One reason for the delay is the State's failure to locate the defendant. The warrant of arrest is marked "DUPLICATE" and bears the handwritten notation "N.F. moved Vacant House". There is no indication when this notation was made. There is no evidence where this warrant was finally executed. The State offered no explanation for this notation.
At the hearing on this motion, the defendant presented uncontradicted and corroborated evidence that he had been living at the same address since the date of the offense and was known by several officers of the Prichard Police Department. In brief on appeal, the defendant alleges that the delay between reindictment and arrest is a "bureaucratic error" and that the State was "derelict in not checking up on the Sheriff's return".
Negligence on the part of the State is considered somewhat of a "neutral" reason for delay and is not weighed as heavily against the State as a deliberate attempt to delay the trial in order to hamper the defense. A delay attributable to negligence "should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." Barker, 407 U.S. at 531, 92 S.Ct. at 2192.
A. second possible reason for the delay is the absence of a prosecuting witness. There is some indication in the record, and the defendant contends that the complaining witness was absent from the State of Alabama from early 1977 until the defendant's arrest in December of 1978. In his Motion to Dismiss for Want of a Speedy Trial the defendant alleges:
 "The delay has enhanced the State's case because the Complainant, . . ., was without the State of Alabama during a goodly portion of 1977 and 1978, and *Page 1060 
would have been unavailable or somewhat inaccessible had the trial delay not occurred."
Delays otherwise excessive may be "tolled" by the unavailability of an essential prosecution witness. UnitedStates v. Bufalino, 576 F.2d 446, 453 (2nd Cir. 1978). A missing witness is a "valid reason" and will "serve to justify appropriate delay". Barker, 407 U.S. at 531, 92 S.Ct. at 2192;United States v. Avalos, 541 F.2d 1100, 1114 (5th Cir. 1976). Here there is no indication whether the witness was actually "missing", that is, whether the delay was due to inconvenience rather than the State's inability to produce. Consequently, there is no evidence as to whether the State made any good faith and diligent effort to find her. United States v. Lawson,545 F.2d 557, 560 (7th Cir. 1975).
From the facts presented by the record we can only speculate at the actual cause of the delay. Whether the delay was merely negligent or actually justified is not answered. However, there is no contention or suggestion that the delay was a deliberate attempt by the State in order to either enhance its own case or prejudice the defense.
Assertion of Right: While a defendant has "no duty to bring himself to trial", Barker, 407 U.S. at 527, 92 S.Ct. at 2190, the "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial". Barker,407 U.S. at 532, 92 S.Ct. at 2193. Here the defendant first asserted this right by a motion to dismiss filed two months after his arrest on the second indictment. This was after a date had been set for his trial. The record is silent as to whether or not the defendant had knowledge of his reindictment prior to this arrest. The State made no attempt to show when the defendant first learned that he had been reindicted. A defendant cannot waive his right to a speedy trial unless he has knowledge of the indictment. Ex parte State ex rel.Attorney General, 255 Ala. 443, 52 So.2d 158 (1951); Mayberryv. State, 48 Ala. App. 276, 264 So.2d 198, cert. denied,288 Ala. 746, 264 So.2d 207 (1972). Because we do not know on what grounds the original indictment was quashed, we have no indication of whether the defendant had any expectation of reindictment. We do know that the defendant was represented by the same retained counsel under both indictments. In the absence of any evidence that the defendant had some knowledge of the second indictment before his second arrest, we find no waiver of his right to a speedy trial.
Prejudice to the Accused: In his Motion to Dismiss the defendant states:
 "The Defendant, however, is greatly prejudiced by the delay for that the gravamen of this case consists of a one-on-one confrontation between the Defendant and the Complaint. The Defendant had access, until recent months, to witnesses who would testify that the Complainant had a bad reputation for veracity. These witnesses are construction workers who knew the Complainant around the bars in Prichard, and have now moved on to other construction jobs in other parts of the country."
The evidence in this case was uncomplicated. The prosecutrix testified that on the night of November 13, 1976, she was baby-sitting for the defendant and his wife. The defendant returned home and attempted to rape her but no penetration occurred. The prosecutrix stated that she fought with the defendant for fifteen or twenty minutes and then the defendant left to get his wife at work.
The defendant maintained that the prosecutrix seduced him and consented to sexual intercourse.
In rebuttal, the State introduced medical testimony that indicated that there was no evidence of penetration.
At the hearing on the speedy trial issue, the defendant testified that his defense was hindered by the delay due to the absence of two witnesses. The defendant's wife's boss would testify that the prosecutrix was "an habitual liar and that he would not believe her under oath". The second witness had been a trusty named Farley at the Prichard *Page 1061 
jail and would give similar testimony. However, the defendant had made absolutely no efforts to find these witnesses because he didn't "know where to start to even look for them". No mention was made of the construction workers referred to in the defendant's motion to dismiss.
There is no evidence or allegation of prejudice resulting from "oppressive pretrial incarceration" or "anxiety and concern". Barker, 407 U.S. at 533, 92 S.Ct. at 2193.
Although actual prejudice is not always necessary, Moore v.Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), it is only one factor which must be considered in the difficult and sensitive balancing process of determining whether a defendant has been denied a speedy trial. Barker, 407 U.S. 533,92 S.Ct. at 2182. "(S)peculative allegations, such as general allegations of loss of witnesses and failure of memories are insufficient to establish the requisite actual prejudice."Avalos, 541 F.2d at 1108. We do not think that this is a case where prejudice must be presumed from the mere length of the delay.
Here there is evidence that there has been no attempt made to locate the missing witnesses. Under these circumstances, the failure of the defendant to know the whereabouts of these witnesses could just as easily be the result of the defendant's own negligence as the result of any delay which could be attributed to the State. Jones, 590 F.2d at 687; Edwards, 577 F.2d at 889. We also note that the alleged testimony these witnesses would give was concerned only with the credibility of the prosecutrix and not with any material facts of the incident and alleged crime itself. There was no showing that there were not other witnesses available who could testify to the credibility of the prosecutrix.
Applying the balancing test set out in Barker, we find that the trial court did not err in overruling the defendant's motion to dismiss for want of a speedy trial. While the delay in this case was lengthy and even if there is absolutely no valid excuse for the delay, the defendant has not established a denial of his constitutional right to a speedy trial as a matter of law. Jones, 540 F.2d at 687.
 II
The trial court did not abuse its discretion by refusing to allow the defendant to introduce further evidence at trial on a motion for speedy trial which had been denied before trial where there was no allegation or showing that the evidence had been previously unavailable.
The speedy trial issue was decided in the circuit court approximately one month before the defendant was tried. At trial, defense counsel attempted to cross examine the prosecutrix, out of the presence of the jury, as to her whereabouts and accessibility from the time of the offense until trial "on support of (his) motion". The trial court refused to allow the defendant to pursue this matter or to make an offer of proof because the issue of the speedy trial had already been settled: "That motion is moot. It's already been ruled on." At the hearing on the motion to dismiss, the defendant did not attempt to call the prosecutrix to establish her whereabouts.
A trial should proceed in an orderly manner, Williams v.State, 26 Ala. App. 531, 163 So. 663, cert. denied, 231 Ala. 127,163 So. 667 (1935), and the trial court must confine evidence to the points in issue. Sutherland v. State,24 Ala. App. 573, 139 So. 110 (1932).
 "(I)t is proper for the court to refuse to reopen the case on behalf of accused where the additional evidence sought to be introduced was or should have been known to accused and no sufficient reason appears for his not having introduced it at the proper time."
23 C.J.S. Criminal Law § 1055 (1961).
 III
Defense counsel was not unduly restricted in his cross examination of the prosecutrix with regard to what she meant by "fighting" and the extent of her struggles with the defendant at the time of the sexual assault. Counsel was allowed a thorough and sifting cross examination. A trial *Page 1062 
is not meant to be an "eternal phenomenon". Buckelew v. State,48 Ala. App. 411, 415, 265 So.2d 195 (1972). The trial court has discretion to limit questions on cross examination which are repetitious. Atwell v. State, 354 So.2d 30, 39 (Ala.Cr.App. 1977), cert. denied, Ex parte Atwell, 354 So.2d 39 (Ala. 1978).
 IV
During defense counsel's closing argument to the jury, the trial court refused to allow him to argue that "the Bible says thou shalt not convict under the testimony of one witness". From the record it is clear that the judge was not attempting to prevent defense counsel from quoting the Bible in his argument but was directing counsel to "confine his argument to the law in the State of Alabama".
Under the Mosaic Law the concurrent testimony of at least two witnesses was required to establish guilt of a capital crime. Num. 35:30; Deut. 17:6; Heb. 10:28; cf. 1 Kings 21:10, 13; Matt. 26:60. This principle was a general rule in all judicial procedure. Deut. 19:15. See also Isa. 8:2; Matt. 17:1, 2; Matt. 18:16; John 8:17, 18; 1 Tim. 5:19.
However, under Alabama law, the uncorroborated testimony of the prosecutrix is sufficient to sustain a conviction for rape.Barnett v. State, 83 Ala. 40, 3 So. 612 (1887); Wooten v.State, 361 So.2d 1192 (Ala.Cr.App. 1978). Thus, while the law of the case must be taken from the court and not from either counsel, it is improper for either attorney to misstate the law applicable to the case. House v. State, 36 Ala. App. 550,61 So.2d 457, cert. denied, 258 Ala. 196, 61 So.2d 458 (1953). Likewise, arguments which tend to mislead or confuse the jury on the applicable law are improper. Johnson v. State, 272 Ala. 633, 133 So.2d 53 (1961); Harrison v. State, 78 Ala. 5 (1884).
As required by law we have searched the record for error prejudicial to the defendant. Finding none we affirm the judgment of the circuit court.
AFFIRMED.
All Judges concur.