The defendant was indicted and convicted for the offense of obtaining personal property by false pretenses in violation of Alabama Code 1975, Section 13-3-90. The property consisted of various roofing materials of a value fixed by the jury at $2,028.46. Sentence was ten years' imprisonment — the maximum punishment allowed by law. Alabama Code 1975, Section 13-3-50. Three issues are presented on appeal.
 I
Initially the defendant contends that the one-for-one jury strike procedure used in Jefferson County (Alabama Code 1940, Vol. 14 Appendix, Section 714)[1], when coupled with the Alabama Habitual Offender Statute, Alabama Code 1975, Section 13A-5-9, operates to deny the defendant equal protection of the law. The defendant argues that "he, tried as an habitual offender in Jefferson County, Alabama, is denied the same equal treatment under the law as habitual offenders tried in counties using a two for one strike procedure."
 "It is inherently unequal and unfair for one defendant to be subject to the risk of greater punishment due to prior convictions, when his second conviction was based on a trial by jury which was not selected with the same protection for a fair and impartial jury of peers that other habitual offenders receive or as he received in his prior trial."
Initially we note that the record does not indicate that the defendant was classified or treated as a "habitual offender" or that he was sentenced under the habitual offender statute.
In this respect the only indication of this matter in the record appears in a statement by defense counsel in requesting additional strikes.
 "(S)ince the new criminal code will go into effect that has a very different punishment concerning the number of convictions, and since these indictments are on a series of, more or less, continuing transactions, partially in Jefferson County and partially in an adjoining county, since the punishment is statewide in nature regarding the number of convictions wherever had, we would move that to restrict Mr. Bland's strikes in Jefferson County on a one-for-one basis and not do so in the other 66 counties is unequal treatment. We make a motion to be allowed two-for-one strikes as in the other 66 counties."
Generally, "the rule of fundamental importance is that a person who is seeking to raise the question as to the validity of a discriminating statute has no standing for that purpose unless he belongs to the class which is prejudiced by the statute." 16 Am.Jur.2d Constitutional Law, Section 192 (1979). A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights; as a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. CountyCourt of Ulster County v. Allen, 442 U.S. 140, 99 S.Ct. 2213,60 L.Ed.2d 777 (1979).
Moreover, even if the defendant had standing, he produced no evidence that convictions are more easily obtained in Jefferson County because of the one-for-one jury strike system than in other counties of the state following the two-for-one strike procedure.
 "It is the law, of course, that a party attacking a statute has the burden of overcoming the presumption of constitutionality, of negativing every conceivable or reasonable basis which might support the classification, and of showing clearly that the statute is unjustly discriminatory or that the classification is essentially arbitrary or unreasonable." Thorn v. Jefferson County, 375 So.2d 780 (Ala. 1979). *Page 167 
It is the duty of a court to sustain an act unless it is convinced beyond a reasonable doubt of its unconstitutionality.Johnston v. Alabama Public Service Commission, 287 Ala. 417,252 So.2d 75 (1971).
In our opinion the constitutionality of the statute, as originally stated in Dixon v. State, 27 Ala. App. 64,167 So. 340 (1936), is sound and valid. The trial court's denial of the defendant's request to be allowed additional strikes was properly denied.
 II
Secondly, the defendant contends that the prosecution illegally introduced evidence of a separate and unrelated criminal offense committed by the defendant.
The defendant was indicted and tried for the offense of obtaining roofing materials by false pretenses. At trial, State's witness Robert Greggory, an architect, testified that he had drawn a set of house plans for the defendant. This house was located at the same address where the roofing materials were found.
On direct examination, Mr. Greggory testified that he made the plans at the defendant's request. On cross examination he stated that all he was testifying to was that he did some plans for "Chester Bland's (defendant's) house." However, on cross examination, defense counsel asked:
 "Q. Mr. Gregory, are you sure you didn't deal with Al Bland?
 "A. When he came in and introduced himself he said he was Chester Bland."
On redirect examination, the prosecutor continued this same line of questioning.
 "Q. * * * * Well, Mr. Baxley is curious about whether or not it was Chester or Al. I don't know Al. The man that came and talked to you about doing the plans for the house on Fairview Avenue, is he in the courtroom?
"A. It appears to be the one seated at the table."
The record reflects that the witness identified the defendant.
The State then introduced, over the objections of defense counsel, a check which Mr. Greggory testified he received from the defendant. The check was signed by the defendant and was stamped "Returned Not Paid Because NSF."
Apparently the State introduced the check to prove that the defendant had requested the particular plans. In response to defense counsel's objections, the prosecutor replied, "He's questioned the identity of the man that had these plans done."
The defendant contends that this check constitutes evidence of another offense committed by the defendant; that other offense being issuing a worthless check as prohibited by Alabama Code 1975, Section 13A-9-13.
At trial, defense counsel did not object to the introduction of the check on the grounds raised on appeal. However, counsel did specifically state his grounds for objecting to the introduction of the check.
 "Prejudicial. Immaterial. We're not disputing the fact that these plans were drawn up. It has no relevance or materiality in connection — The check does not — with the transaction charged in the indictment. It is prejudicial."
Other than the notation on the face of the check itself, no mention was made, by either side, of the fact that the check was returned for insufficient funds.
The objection here did not preserve the error argued on appeal. Long v. State, 165 Ala. 101, 51 So. 636 (1910); Mansonv. State, 349 So.2d 67 (Ala.Cr.App.), cert. denied, Ex parteManson, 349 So.2d 86 (Ala. 1977).
The fact that the defendant had an architect draw some plans for a house to be built at the same address where the roofing materials were found was a fact of probative value when considered in conjunction with the other facts and circumstances of this case. We do not think it so irrelevant as that evidence in Paul v. State, 47 Ala. App. 115, 251 So.2d 246, cert. denied, 287 Ala. 739, 251 So.2d 248 (1971), where a general objection was sufficient to preserve the error on review. Identification was an issue in the trial and the trial judge instructed *Page 168 
the jury on this issue in his oral charge.
Only those grounds of objection presented to the trial court can serve as a basis for reversal of its action. Harris v.State, 57 Ala. App. 558, 329 So.2d 618 (1976). The trial judge will not be placed in error on grounds not assigned in the objection. Cook v. State, 384 So.2d 1158 (Ala.Cr.App.), cert. denied, Ex parte Cook, 384 So.2d 1161 (Ala. 1980); Knight v.State, 381 So.2d 680 (Ala.Cr.App. 1980); Cooper v. State,380 So.2d 1003 (Ala.Cr.App. 1980). Even though evidence may have been inadmissible on different grounds, the defendant is bound by the specified grounds of objection. Turley v. State,356 So.2d 1238 (Ala.Cr.App. 1978). The trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala. 1979).
 III
As his final contention for reversing his conviction, the defendant argues that the trial court erred in overruling defense counsel's objections to statements made by the District Attorney in closing argument that the burden of proof rested upon the defendant.
The relevant portions of the record are as follows:
 "MR. MAHON (Deputy District Attorney): His job is to convince you, using any means short of breaking the law, that his man is not guilty. That's his job.
 "MR. BAXLEY (Defense Counsel): Your Honor, we object. That's not our job. Their job is to convince them he is guilty. It's not our job to convince them he is not guilty.
 "THE COURT: Overruled. I'll tell them about the burden of proof."
* * * * * *
 "MR. MAHON: Don't you think somebody who's been doing their job as long as this fellow over here at the end of the table has been doing it, wouldn't think or wouldn't try to get William King down here or some relative down here to say that was his (King's) wife, or I'm his son, or I'm his brother, or I'm his mother, and he was in the roofing business, and he died six months ago. He didn't do that.
 "MR. BAXLEY: Your Honor, we object. The burden is not on us.
"THE COURT: Overruled."
The statements by the prosecutor were not calculated to give to the jury the impression that the court believed the defendant guilty. Such arguments constitute error and were condemned inAdkins v. State, 38 Ala. App. 659, 93 So.2d 519, cert. denied,265 Ala. 666, 93 So.2d 522 (1957).
In his instructions to the jury, the trial judge properly and correctly instructed the jury on the burden of proof, the presumption of innocence, and the principles of reasonable doubt.
We hold that the trial court's refusal to sustain the defendant's objections did not constitute reversible error where the court fairly and adequately charged the jury on the burden of proof. See Bayne v. State, 375 So.2d 1236
(Ala.Cr.App. 1977), reversed, 375 So.2d 1237 (Ala. 1978).
While the law of the case must be taken from the court and not from either counsel, it is improper for the prosecuting attorney to misstate the law applicable to the case. Wade v.State, 381 So.2d 1057 (Ala.Cr.App.), cert. denied, Ex parteWade, 381 So.2d 1062 (Ala. 1980); House v. State, 36 Ala. App. 550, 61 So.2d 457, cert. denied, 258 Ala. 196, 61 So.2d 458
(1953).
While the jury was never specifically instructed that they were to receive the law only from the trial court, the trial judge did state that he would instruct the jury on the burden of proof.
In overruling the prosecutor's objection to an argument made by defense counsel the trial court stated that, "It is the duty of the Court (to instruct the jury what the law is) but Counsel can comment on it." Later the court charged, "They (the lawyers) can interpret the law, their own interpretation *Page 169 
of the law. What they say is not evidence." The judge's comments prevented the jury from receiving the impression that he approved of the prosecutor's statements as correct propositions of law. While the prosecutor's remarks and the failure of the trial judge to sustain the objections of defense counsel venture very near the area of reversible error, House, in view of the judge's comments and his instructions to the jury, we do not find reversible error in this instance. This present case is distinguishable from House because here the judge (1) stated that he would instruct the jury on the burden of proof and (2) correctly did so.
We have searched the record for error prejudicial to the defendant and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] Statutes of the Alabama Code 1940, Recompiled 1958, which apply to one or more counties on the basis of population were not repealed by the 1975 Code. Alabama Code 1975, Section1-1-10. *Page 475