COBB, Judge,
dissenting.
In its unpublished memorandum, the majority maintains that Robinson did not preserve for appellate review his argument that the evidence was insufficient to support his conviction. I disagree.
At trial, Robinson made the following objection at the close of the State’s case-in-chief:
“Judge, at this time the defense would motion for a, motion for a judgment of acquittal. The State has not failed, has failed to prove its case beyond a reasonable doubt. It’s failed to meet its burden. So far there has been no testimony that Jerome Robinson intended to murder Kelvin Stevenson, or there has been no testimony that Jerome Robinson intended to cause bodily harm to intentionally cause the death of Kelvin Stevenson.
“What we have heard is that Jerome Robinson didn’t know Kelvin Stevenson, Jerome Robinson does not know Maurice McAdory. The State has failed to prove its burden of intent, and the only thing that we have seen so far is that there was an altercation that Kelvin Stevenson started with my client, Jerome, and we’ve all heard that, he started the altercation, and my client goes out and then there was a shooting.”
(R. 239-40.)
In his brief on appeal, Robinson argues:
“The State presented little to no evidence of the Defendant’s intent to cause serious physical injury to the victim, Kelvin Stevenson. The only testimony presented by the State showing that the Defendant was aiming at the victim in particular[ ] was from the victim himself. This victim is not without fault.... There was no evidence presented from independent witnesses stating that the Defendant aimed the gun at Stevenson and pulled the trigger. In fact, there was testimony to the contrary, stating that it did not appear as if Robinson was aiming at anyone [in particular].”
(Appellant’s brief, pp. 20-21.)
“A specific objection is necessary because ‘the trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved.’ Bland v. State, 395 So.2d 164, 168 (Ala.Crim.App.1981).”
Brannon v. State, 549 So.2d 532, 540 (Ala.Crim.App.1989).
I believe that Robinson’s objection sufficiently apprised the trial court that he was objecting on the ground that the evidence of his intent to seriously injure the victim was insufficient. Therefore, this Court should have addressed the merits of this issue.