WOODALL, Justice.
Express Enterprise, Inc., d/b/a Express Cash I, II, and III (“Express Enterprise”), appeals from a partial summary judgment for James Waites in an action filed against Express Enterprise by Waites. We reverse and remand.
Express Enterprise is a pawnbroker as defined by § 5-19A-2(4), Ala.Code 1975, a part of the Alabama Pawnshop Act (“the Act”). In August 1998, Waites entered into a pawn transaction with Express Enterprise, obtaining a $400 loan on the security of his pledge of the certificate of title to an automobile he owned. See § 5-19A- *755 2(3) and (6). See also Floyd v. Title Exchange & Pawn of Anniston, Inc., 620 So.2d 576 (Ala.1993) (holding that an automobile certificate of title is “tangible personal property” within the meaning of the Act).
Section 5-19A-7(a) provides that “[a] pawnbroker may contract for and receive a pawnshop charge in lieu of interest or other charges for all services, expenses, costs, and losses of every nature but not to exceed 25 percent of the principal amount, per month, advanced in the pawn transaction.” According to Waites, he paid Express Enterprise more than $900 over the nine months following the pawn transaction. However, he was incurring a pawnshop charge of $100 per month, and, after Waites fell behind on his payments, his automobile was repossessed.
Waites subsequently sued Express Enterprise. The pawnshop charge allowed by the Act exceeds the interest that may be charged on loans subject to the Alabama Small Loan Act, Ala.Code 1975, §§ 5-18-1 through -23. In his complaint, Waites sought, in pertinent part, “a declaratory judgment ... that Section 5-19A-7(a) is unconstitutional as violating equal protection as guaranteed under” the Fourteenth Amendment to the United States Constitution.
Waites filed a motion for a summary judgment on the issue of the constitutionality of § 5-19A-7(a). In his motion, Waites argued that pawnbrokers are “favored over all other ... money lenders,” and that “there is no rational basis for the classification that allows a favored group ... to charge 300% annual interest rate.”
In response to Waites’s motion, Express Enterprise filed its own motion for a partial summary judgment on the issue of the constitutionality of § 5-19A-7(a). Express Enterprise contended that Waites has no standing to raise the equal-protection issue. Alternatively, Express Enterprise argued that there is a rational basis for the pawnshop charge allowed by the Act.
The trial court concluded that “the portion of the ... Act that allows an interest rate charge of 25% per month on car title pawns must be struck down as a violation of equal protection” and entered a declaratory judgment to that effect. The trial court certified its judgment declaring § 5-19A-7(a) unconstitutional as final pursuant to Ala. R. Civ. P. 54(b), and Express Enterprise timely appealed to this Court. The alternative basis for affirmance asserted by Waites on appeal, which deals with the applicability of the Act, is beyond the limited scope of our appellate jurisdiction.
We first consider whether Waites has standing to contend that § 5-19A-7(a) violates the Equal Protection Clause of the Fourteenth Amendment. “ ‘A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights.’ ” State v. Woodruff, 460 So.2d 325, 328 (Ala.Crim.App.1984) (quoting Bland v. State, 395 So.2d 164, 166 (Ala.Crim.App.1981)). See also Mosley v. State, 255 Ala. 130, 132, 50 So.2d 433, 435 (1951) (“The discriminatory feature of the act must directly affect the constitutional rights of the person complaining.”). “Where a particular litigant is not within the group of persons affected by a statute or portion thereof which is allegedly unconstitutional, such litigant lacks standing to raise such constitutional issue.” Fletcher v. Tuscaloosa Fed. Sav. & Loan Ass’n, 294 Ala. 173, 178, 314 So.2d 51, 56 (1975).
Express Enterprise argues that ‘Waites does not have standing to challenge the constitutionality of the Alabama Pawnshop Act on equal protection grounds because he is a consumer, not a lender.” Express *756 Enterprise’s brief, at 10. In other words, according to Express Enterprise, “Waites is not within a group of individuals that have been allegedly arbitrarily discriminated against,” because the “so-called ‘favored class of pawnbrokers’ is not favored over Waites because he is not a lender.” Express Enterprise’s brief, at 11.
Waites describes himself as “a pawnshop borrower,” Waites’s brief, at 32, and, of course, does not claim to be a lender. Further, it is obvious that the Act neither classified Waites as a “pawnshop borrower” nor required him to engage in a pawn transaction. However, Waites claims to have standing to assert an equal-protection challenge to § 5-19A-7(a) merely because he was “encumbered by [an] arbitrarily excessive” pawnshop charge that was “more [than the] interest [that may be lawfully charged to] non-pawnshop borrowers.” Waites’s brief, at 31, 33. We agree with Express Enterprise that Waites has no standing to raise the equal-protection issue.
In Casey v. Travelers Insurance Co., 531 So.2d 846 (Ala.1988), Casey, a borrower, sued Travelers, his lender, alleging, in pertinent part, “violations of Ala.Code 1975, § 15-19-1 et seq., generally known as the Alabama Mini-Code.” 531 So.2d at 846-47. “The first question to be decided by this Court [was] whether the trial court was correct in concluding that the licensing requirements of the Mini-Code [did] not apply.” 531 So.2d at 847. The Court concluded that Travelers was “exempt from licensing,” and agreed with the trial court “that the [only applicable] provisions of the Mini-Code were not violated by the terms of the loans,” 531 So.2d at 848, from Travelers to Casey.
Like Waites, Casey contended that the legislature’s failure to more strictly regulate the business of his lender amounted to a denial of the equal protection guaranteed to him by the Fourteenth Amendment. However, this Court concluded that Casey lacked standing to assert that constitutional claim:
“Casey’s next contention is that exclusion of Travelers from the licensing provisions of the Mini-Code is a denial of the equal protection guaranteed by the fourteenth amendment. We conclude, however, that Casey has no standing to raise this issue. As the Court said of standing in Fletcher v. Tuscaloosa Federal Savings & Loan Ass’n, 294 Ala. 173, 178, 314 So.2d 51, 56 (1975), “Where a particular litigant is not within the group of persons affected by the statute or portion thereof which is allegedly unconstitutional, such litigant lacks standing to raise such constitutional issue. Marcet v. Board of Plumbers Examination and Registration of Alabama, 249 Ala. 48, 50, 29 So.2d 333 (1947); State ex rel. Highsmith v. Brown Service Funeral Co., 236 Ala. 249, 253-54, 182 So. 18 (1938).’ ”
531 So.2d at 848-49. Although Waites, like Casey, may have been “tangentially affected,” Express Enterprise’s reply brief, at 7, by the Act, he was not directly affected in the manner necessary to confer upon him standing to raise the equal-protection issue.
For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.